FILED BY CLERK

JUL 24 2009

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | 2 CA-CR 2008-0166 |
| | ) | 2 CA-CR 2008-0171 |
| Appellee, | ) | 2 CA-CR 2008-0309 |
| | ) | DEPARTMENT A |
| v. | ) | (Consolidated) |
| | ) | |
| STETSON AUSTIN PAYNE, | ) | O P I N I O N |
| | ) | |
| Appellant. | ) | |
| | ) | |
| | ) | |
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHANNTELL NELSON, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |
| | ) | |
| THE STATE OF ARIZONA, | ) | |
| | ) | |
| Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SUSAN JANE DANIELS, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause Nos. CR-200800011, CR-200701995, and CR-200800812

Honorable Bradley M. Soos, Judge Pro Tempore

AFFIRMED IN PART; VACATED IN PART

---

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani, Kathryn A. Damstra, Joseph L.
  Parkhurst, and Diane Leigh Hunt
Tucson<br>Attorneys for Appellee

Harriette P. Levitt
Tucson<br>Attorney for Appellants

---

P E L A N D E R, Judge.

**¶1**      These three consolidated appeals present a common issue of first impression and statewide importance: may a superior court impose on a convicted felon at sentencing a "prosecution fee" pursuant to a county ordinance? In each of the three cases, pursuant to Pinal County Ordinance 91097-PS, the trial court assessed against the defendant a discretionary $1,000 prosecution fee that is payable to the county and deposited to a fund that directly benefits the Pinal County Attorney's Office.

**¶2**      On appeal, defendants/appellants Stetson Payne, Channtell Nelson, and Susan Daniels argue the ordinance is invalid and the prosecution fee was illegally imposed on them. We address that issue in this opinion and, in a separate, simultaneously filed memorandum decision, dispose of other issues Payne and Daniels raise.[1] *See* Ariz. R. Crim. P. 31.26; Ariz.

---

[1]All three appellants were found guilty after jury trials. Payne was convicted of assault and aggravated assault. Nelson and Daniels were convicted of hindering prosecution. Each appellant was placed on a three-year term of supervised probation. The prosecution fee in question was imposed at appellants' sentencings as a condition of probation.

R. Sup. Ct. 111(b), (h). For the reasons stated below, we conclude the Pinal County Ordinance's prosecution fee is statutorily unauthorized and invalid and, therefore, we vacate the trial court orders imposing that fee.

**I.**

¶3          Enacted in 1997, Pinal County Ordinance 91097-PS states in relevant part:

WHEREAS, the prosecution services provided by the County Attorney for Pinal County . . . are consumed by easily identifiable members of the public, to-wit: defendants in criminal prosecution[s]; and as a matter of public policy, the Pinal County Board of Supervisors . . . favors easing the burden on taxpayers by recovering all or part of the cost of prosecution from those who cause the expenditure; and

WHEREAS, based on the best available estimates, the Board finds that the County Attorney's Office actually expends an average of $1,000.00 prosecuting each felony case . . . .

. . . .

Sec. 100     This Ordinance is adopted pursuant to A.R.S. § 11-251.05 and A.R.S. § 11-251.08 which authorize[] the Board of Supervisors to adopt and enforce all ordinances necessary or proper to carry out the duties, responsibilities and functions of the county government and to adopt fee schedules for any specific services provided by the county to the public.

. . . .

Sec. 300     A fee schedule may be adopted by the Board to cover expenses for traditional prosecution services provided to criminal defendants prosecuted by the County Attorney . . . .

. . . .

3

Sec. 304    Upon a defendant's conviction at trial, the Justice Court shall, and the Superior Court is requested, to impose and collect a Prosecution Fee pursuant to the Prosecution and Supervision Fee Schedule, or for such lesser amount as the Court deems appropriate based on the economic circumstances of the defendant. Only one fee shall be assessed against each defendant in each case, but no fee shall be assessed in misdemeanor prosecutions that are concluded without an appearance by the Pinal County Attorney.

. . . .

Sec. 400    The Board of Supervisors hereby establishes the Pinal County Attorney Prosecution Cost Recovery Fund, hereinafter referred to as the "Fund," administered by the Pinal County Attorney, through the Finance Office, for the purposes provided by this Ordinance.

. . . .

Sec. 405    Monies in the Fund shall be expended by the Pinal County Attorney for the following three program areas:

405.1    Pursuant to current commitments, to reimburse the General Fund for expenses previously defrayed by Anti-Racketeering or Criminal Justice Enhancement Funds;

405.2    To modernize, streamline and automate the County Attorney's Office; and

405.3    To meet expansion needs of the County Attorney's Office that cannot be met by the General Fund.

¶4        As noted above, pursuant to that ordinance, the trial court imposed on Payne, Nelson, and Daniels at their respective sentencings a $1,000 prosecution fee. Appellants

4

argue that fee is both statutorily unauthorized and unconstitutional. But they also characterize their challenge to the ordinance as "jurisdictional in nature" and contend the trial court "did not have jurisdiction to impose a prosecution fee which had been illegally established by the Pinal County Board of Supervisors." We therefore begin our analysis by addressing the issues relating to the superior court's subject matter jurisdiction.

**II.**

¶5 Although appellants did not raise any jurisdictional challenge below and do not adequately develop or support their argument on appeal, we are obliged to determine sua sponte whether the trial court exceeded its subject matter jurisdiction, or power, by imposing the prosecution fee. *See State v. Maldonado*, No. 1 CA-CR 07-0837, ¶ 9, 2009 WL 1298991 (Ariz. Ct. App. May 12, 2009) ("Defects in subject matter jurisdiction cannot be waived and may be contested at any time, including on appeal."); *State v. Chacon*, 555 Ariz. Adv. Rep. 3, ¶ 5 (Ct. App. May 7, 2009) (same); *State v. Marks*, 186 Ariz. 139, 141, 920 P.2d 19, 21 (App. 1996) (same). "We review de novo whether the trial court had jurisdiction to issue its order" assessing that fee. *In re Marriage of Dorman*, 198 Ariz. 298, ¶ 6, 9 P.3d 329, 332 (App. 2000); *see also State v. Flores*, 218 Ariz. 407, ¶ 6, 188 P.3d 706, 709 (App. 2008).

¶6 "Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the particular proceedings belong . . . .'" *Marriage of Dorman*, 198 Ariz. 298, ¶ 7, 9 P.3d at 332, *quoting Estes v. Superior Court*, 137 Ariz. 515, 517, 672 P.2d 180, 182 (1983); *see also State ex rel. Neely v. Rodriguez*, 165 Ariz. 74, 76 n.4, 796 P.2d 876, 878 n.4 (1990) ("'Subject matter jurisdiction' relates to the constitutional or statutory

power of a court to decide a case."); *Chacon*, 555 Ariz. Adv. Rep. 3, ¶ 5 ("Subject matter jurisdiction is 'the power of a court to hear and determine a controversy.'"), *quoting Marks v. LaBerge*, 146 Ariz. 12, 15, 703 P.2d 559, 562 (App. 1985). In determining the nature and scope of the superior court's subject matter jurisdiction, we first look to applicable provisions in the Arizona Constitution and statutes. *See Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 100, 907 P.2d 67, 69 (1995).

¶7        Under our constitution, the superior court has original jurisdiction of "[c]riminal cases amounting to felony." Ariz. Const. art. VI, § 14(4); *see also* A.R.S. § 12-123(A) ("The superior court shall have original and concurrent jurisdiction as conferred by the constitution . . . ."). Because the state filed and tried felony charges against appellants, the superior court clearly had original jurisdiction in these cases. The preliminary jurisdiction issue we must address is different from the question whether any statute authorizes the county's ordinance and its prosecution fee. If the superior court lacked subject matter jurisdiction to impose that fee, for purposes of these cases it would not matter whether the fee was statutorily authorized.

¶8        "[T]he Superior Court of Arizona [i]s a single unified trial court of general jurisdiction." *Marvin Johnson*, 184 Ariz. at 102, 907 P.2d at 71. As such, the superior court has not only original jurisdiction in felony cases such as these, but also "ha[s] all powers and may issue all writs necessary to the complete exercise of its jurisdiction." § 12-123(B). "[I]n addition to [exercising] the powers conferred by constitution, rule or statute," the superior court also "may proceed according to the common law." A.R.S. § 12-122.

6

¶9        Although broad, a superior court's original jurisdiction is not unlimited.  As our supreme court has stated:

> While the words "general jurisdiction" have a certain rotundity of sound pleasing to the ear, they add nothing to powers or jurisdiction of the court, for these are circumscribed by the Constitution and statutes.  The jurisdiction of the Superior Court is general because it has the power or jurisdiction to hear and determine all classes of cases and controversies except those otherwise carved out specifically by the Constitution and placed in an inferior court.  That a court is a court of general jurisdiction does not mean that because the judicial robe has been donned a judge has unlimited power to impose punishment or reward rightousness as the occasion is deemed suitable.

*Hash's Estate v. Henderson*, 109 Ariz. 174, 178-79, 507 P.2d 99, 103-04 (1973).  A superior court "cannot, for example, in [a] criminal case enter an order giving damages to the complaining witness in the case, even though the facts would justify damages if a civil suit were brought."  *Id*. at 178, 507 P.2d at 103.  In other words, "'the terms upon which [the court] may put its power into action, are as firmly and clearly established as the right to adjudicate when authorized to do so; and, though a court of general jurisdiction, it must proceed in the manner and upon the conditions imposed by the law.'"  *Id.*, *quoting State ex rel. Pollard v. Superior Court*, 122 N.E.2d 612, 615 (Ind. 1954).

¶10        Notwithstanding those qualifications, our supreme court has cautioned against mischaracterizing a trial court's legal error as a matter implicating that court's subject matter jurisdiction.  *See Marvin Johnson*, 184 Ariz. at 101, 907 P.2d at 70.  The "imprecise use of language [in some cases] cannot detract from the constitutional grant of jurisdiction to the Superior Court."  *Id*. at 102, 907 P.2d at 71.  "'The test of jurisdiction is whether . . . the

7

tribunal has power to enter upon the inquiry; not whether its conclusion in the course of it is right or wrong.'" *State v. Phelps*, 67 Ariz. 215, 220, 193 P.2d 921, 925 (1948), *quoting Tube City Mining & Mill Co. v. Otterson*, 16 Ariz. 305, 311, 146 P. 203, 206 (1914).

¶11 The trial court in these cases unquestionably was empowered "'to hear and determine cases of the general class to which the particular proceedings belong.'" *Marriage of Dorman*, 198 Ariz. 298, ¶ 7, 9 P.3d at 332, *quoting Estes*, 137 Ariz. at 517, 672 P.2d at 182; *see also Phelps*, 67 Ariz. at 220, 193 P.2d at 925. When, as here, a court "ha[s] jurisdiction to sentence the defendant" in a felony case, any sentencing errors do not necessarily implicate the court's jurisdiction. *State v. Bryant*, 219 Ariz. 514, ¶ 17, 200 P.3d 1011, 1015 (App. 2008). Accordingly, we reject appellants' suggestion that the trial court's orders imposing the county prosecution fee are void for lack of subject matter jurisdiction. *See id.*; *cf.* Ariz. R. Crim. P. 24.3 (permitting trial court to "correct any unlawful sentence or one imposed in an unlawful manner").

### III.

¶12 We turn, then, to issues concerning the validity of the county's ordinance and prosecution fee. Appellants argue the fee, "a euphemism for the term 'fine,'" is illegal. The assessment, they contend, violates article IV, part 2, § 19 of the Arizona Constitution and, therefore, "is void and unconstitutional."[2] Appellants also assert the prosecution fee is

---

[2]For the first time in their reply briefs, appellants contend, without any elaboration, the prosecution fee violates equal protection provisions in the United States and Arizona Constitutions. We do not address arguments raised for the first time in a reply brief and that are not adequately developed or supported with authority. *See State v. Watson*, 198 Ariz. 48, ¶ 4, 6 P.3d 752, 755 (App. 2000); Ariz. R. Crim. P. 31.13(c)(1)(vi), (c)(3).

invalid because the statutes on which the ordinance is based "do not confer upon a county the authority to impose additional fines for felonies."

¶13        In response, the state argues the county's prosecution fee is "*not* a criminal fine or sanction" and is authorized under A.R.S. §§ 11-251.05 and 11-251.08.[3] And as the state points out, because appellants failed to object to the prosecution fee below on any of the grounds they now urge, they have forfeited review for all but fundamental, prejudicial error. *See State v. Valverde*, 220 Ariz. 582, ¶ 12, 208 P.3d 233, 236 (2009); *State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005); *State v. Moreno-Medrano*, 218 Ariz. 349, ¶ 7, 185 P.3d 135, 138 (App. 2008); *State v. Soria*, 217 Ariz. 101, ¶ 4, 170 P.3d 710, 711 (App. 2007).

¶14        If the prosecution fee was unauthorized and amounts to an illegal sentence, the trial court fundamentally erred in imposing it. *See Soria*, 217 Ariz. 101, ¶¶ 4, 7, 170 P.3d at 711, 712; *cf. State v. Marquez-Sosa*, 161 Ariz. 500, 502-03, 779 P.2d 815, 817-18 (App. 1989). We address appellants' statutory arguments first "because courts should decide cases on nonconstitutional grounds if possible and should determine a[n] [ordinance's] constitutionality only if absolutely necessary." *State v. Aleman*, 210 Ariz. 232, ¶ 10, 109 P.3d 571, 575 (App. 2005); *see also City of Tempe v. Outdoor Sys., Inc.*, 201 Ariz. 106, ¶ 7, 32 P.3d 31, 34 (App. 2001) ("[T]he constitutionality of a statute or ordinance becomes an issue only if it is necessary to resolve the issue to decide the case.").

---

[3]The state fails to address appellants' argument that the Pinal County ordinance is unconstitutional.

¶15 Counties in Arizona are separate legal entities, whose power is derived from the Arizona Constitution and statutes. *Home Builders Ass'n of Cent. Ariz. v. City of Maricopa*, 215 Ariz. 146, ¶ 5, 158 P.3d 869, 872 (App. 2007). A county's "authority is limited to those powers expressly, or by necessary implication, delegated to [it] by the state constitution or statutes." *Id*.; *see also* Ariz. Const. art. XII, § 4; A.R.S. §§ 11-201(A); 11-251; *Marsoner v. Pima County*, 166 Ariz. 486, 488, 803 P.2d 897, 899 (1991); *Hart v. Bayless Inv. & Trading Co.*, 86 Ariz. 379, 384, 346 P.2d 1101, 1105 (1959) ("The Board of Supervisors can exercise only those powers specifically ceded to it by the legislature."). Generally, "'the burden is on the county [or, in this case, the state] to point out the constitutional or statutory power that permits the conduct'" in question. *Home Builders Ass'n*, 215 Ariz. 146, ¶ 11, 158 P.3d at 873, *quoting Sw. Gas Corp. v. Mohave County*, 188 Ariz. 506, 509, 937 P.2d 696, 699 (App. 1997). Having failed to object to the prosecution fee below, however, appellants bear the burden of establishing fundamental, prejudicial error. *See Valverde*, 220 Ariz. 582, ¶ 12, 208 P.3d at 236; *Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d at 607.

¶16 Appellants maintain the statutes cited in the ordinance and on which the state relies, §§ 11-251.05 and 11-251.08, do not authorize the county's imposition of a prosecution fee. We review de novo issues concerning the meaning and scope of statutes, attempting to discern and fulfill legislative intent. *See Soria*, 217 Ariz. 101, ¶ 5, 170 P.3d at 711; *Home Builders Ass'n*, 215 Ariz. 146, ¶ 6, 158 P.3d at 872; *State v. Barnett*, 209 Ariz. 352, ¶ 7, 101 P.3d 646, 648 (App. 2004). Under "'fundamental principles of statutory construction, . . .

10

the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction.'" *State v. Aguilar*, 209 Ariz. 40, ¶ 26, 97 P.3d 865, 873 (2004), *quoting Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991); *see also Stein v. Sonus USA, Inc.*, 214 Ariz. 200, ¶ 3, 150 P.3d 773, 774 (App. 2007). But, if "the statute's language is not clear, we determine legislative intent by reading the statute as a whole, giving meaningful operation to all of its provisions, and by considering factors such as the statute's context, subject matter, historical background, effects and consequences, and spirit and purpose." *Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).

¶17          As amended in 1988, § 11-251.05(A)(1) permits a county board of supervisors, "in the conduct of county business," to adopt "all ordinances necessary or proper to carry out the duties, responsibilities and functions of the county which are not otherwise specifically limited by § 11-251 or any other law or in conflict with any rule or law of this state." In essence, § 11-251.05 is a catch-all provision, conferring auxiliary powers specific to the adoption of county ordinances, inasmuch as § 11-251 extensively lists those powers a board of supervisors may exercise.

¶18          When the legislature amended § 11-251.05 in 1988, it simultaneously enacted § 11-251.08. 1988 Ariz. Sess. Laws, ch. 231, §§ 1, 2. That statute permits a board of supervisors to "adopt fee schedules for any specific products and services the county provides to the public." § 11-251.08(A). The statute also permits boards of supervisors to "adopt an additional charge or separate individual charge," "[n]otwithstanding fee schedules

11

or individual charges in statute." *Id.* Section 11-251.08(B) provides that "[a]ny fee or charge established pursuant to this section must be attributable to and defray or cover the expense of the product or service for which the fee or charge is assessed," and "[a] fee or charge shall not exceed the actual cost of the product or service."

**¶19** "The county attorney," as "the public prosecutor of the county," is statutorily obligated to "conduct, on behalf of the state, all prosecutions for public offenses." A.R.S. § 11-532(A)(1). In enacting the ordinance in question, the Pinal County Board of Supervisors, "as a matter of public policy," expressly sought to "eas[e] the burden on taxpayers by recovering all or part of the cost of prosecution from those who cause the expenditure"—defendants in criminal cases. With respect to § 11-251.05, appellants have not cited, nor do we find, any provision in "§ 11-251 or any other law" that "specifically limit[s]" or precludes the county's authority to enact an ordinance under which a prosecution fee may be assessed against convicted defendants. § 11-251.05(A)(1). But, "[t]he absence of any constitutional or statutory prohibition . . . does not mandate a conclusion that the county may engage in the conduct here questioned." *Maricopa County v. Black*, 19 Ariz. App. 239, 241, 506 P.2d 279, 281 (1973); *see also Hancock v. McCarroll*, 188 Ariz. 492, 498, 937 P.2d 682, 688 (App. 1996) ("It is well-settled that the legislative powers of counties are very limited.").

**¶20** The question, instead, is whether § 11-251.05 or § 11-251.08 expressly provides or necessarily implies that a county is empowered to impose by ordinance a prosecution fee on convicted defendants in felony cases. "'An express authority is one given

12

in direct terms, definitely and explicitly, and not left to inference or to implication, as distinguished from authority which is general, implied, or not directly stated or given.'" *Associated Dairy Prods. Co. v. Page*, 68 Ariz. 393, 398, 206 P.2d 1041, 1045 (1949), *quoting Fergus v. Brady*, 115 N.E. 393, 396 (Ill. 1917).

¶21        Section 11-251.05(A)(1) extends broad, open-ended, ordinance-enacting authority to boards of supervisors and, therefore, arguably grants express power to counties to adopt all manner of ordinances, unlimited by category or subject matter. But we cannot say its plain language, or that contained in § 11-251.08(A), "declare[s] exactly, plainly and directly with well defined limits" that counties have the power to impose a prosecution fee against convicted felons. *Associated Dairy Prods.*, 68 Ariz. at 398, 206 P.2d at 1045. Thus, we cannot conclude with any certainty that those statutes expressly authorize the county's ordinance and prosecution fee at issue here. We deem the statutes ambiguous on that point because their "text allows for more than one rational interpretation, and there is uncertainty about [their] meaning." *Stein*, 214 Ariz. 200, ¶ 8, 150 P.3d at 775. "Accordingly, we apply the rules of statutory construction, and examine the [statutory] history, context, effects and consequences, and spirit and purpose." *Id*. (citations omitted); *see also Zamora*, 185 Ariz. at 275, 915 P.2d at 1230.

¶22        The history of the two pertinent statutes sheds some useful light on our analysis. As noted above, in the same bill in which it enacted § 11-251.08, the legislature substantively amended § 11-251.05. 1988 Ariz. Sess. Laws, ch. 231, §§ 1, 2. As originally enacted in 1983, § 11-251.05(A)(1) provided: "The board of supervisors may[,] with respect

13

to those powers vested in the board of supervisors by section 11-251 that are applicable to the unincorporated areas of the county, adopt, amend and repeal all ordinances necessary or proper to carry into effect such powers." 1983 Ariz. Sess. Laws, ch. 223, § 2. Thus, the 1983 version of the statute expressly linked the board of supervisors' ordinance-related powers to those found in § 11-251. That is significant because the broad powers extended to counties and boards of supervisors, in §§ 11-201 and 11-251 respectively, do not authorize counties to adopt ordinances under which prosecution fees may be imposed.

¶23 The 1988 amendment to § 11-251.05, however, substantively modified counties' ordinance-enacting powers. In that amendment, the legislature deleted from subsection (A)(1) the qualifying language, "[w]ith respect to those powers vested in the board of supervisors by section 11-251." 1988 Ariz. Sess. Laws, ch. 231, § 1. That change presumably evinces a legislative intent to broaden, without reference to or restriction by § 11-251, a county board of supervisors' power to "adopt . . . all ordinances necessary or proper to carry out the duties, responsibilities and functions of the county." § 11-251.05(A)(1); *see Washburn v. Pima County*, 206 Ariz. 571, ¶ 11, 81 P.3d 1030, 1035 (App. 2003) ("[W]e presume the legislature intends to change the law when it substantively changes the language of a statute."); *see also State v. Hamblin*, 217 Ariz. 481, ¶ 11, 176 P.3d 48, 52 (App. 2008).

¶24 The legislative history underlying the 1988 amendment to § 11-251.05(A)(1) and the simultaneous enactment of § 11-251.08 support that conclusion. Those statutory changes were set forth in House Bill 2046 and were the subject of considerable discussion in both the House and Senate. *See* Minutes of the House Comm. on Counties and

Municipalities, H.B. 2046, 38th Leg., 2d Reg. Sess. (Feb. 11, 1988); Minutes of the Senate Comm. on Gov't, H.B. 2046, 38th Leg., 2d Reg. Sess. (Apr. 14, 1988).  A legislative supporter of the bill explained in a House committee hearing that the amendment to § 11-251.05 would "authoriz[e] the county board of supervisors, in the conduct of county business, to adopt, amend and repeal all ordinances necessary for carrying out the duties, responsibilities and functions of the county which are not otherwise specifically in conflict with any state rule, regulation or law."  Minutes of the House Comm. on Commerce, H.B. 2046, 38th Leg., 2d Reg. Sess. (Feb. 15, 1988).[4]

¶25     Senate documents relating to House Bill 2046 are consistent with that statement and similarly confirm the intended purpose and effect of that bill.  *See* Minutes of Senate Comm. on Gov't, H.B. 2046, 38th Leg., 2d Reg. Sess. (Apr. 14, 1988).  For example, the revised Senate Fact Sheet for House Bill 2046 described the bill's purpose as follows: "Expands county ordinance authority by allowing counties to enact countywide ordinances and authorizes counties to adopt fees which do not exceed the cost of service."  Revised

_____

[4]Generally, comments of individual legislators "are not necessarily determinative of legislative intent."  *Stein*, 214 Ariz. 200, ¶ 13, 150 P.3d at 777; *see also Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 270, 872 P.2d 668, 674 (1994).  But here, the comments of a legislative supporter, Representative Steffey, regarding the bill's purposes and effect are wholly consistent with all other portions of the available legislative record on the bill.  Under these circumstances, we deem her comments pertinent, albeit not determinative, on the question of legislative intent.

Senate Fact Sheet, H.B. 2046, 38th Leg., 2d Reg. Sess. (Apr. 14, 1988).[5] The Fact Sheet also set forth the background for the bill:

> Under existing law, counties have limited authority to enact ordinances over unincorporated areas pursuant to the powers of the board as provided by sections 11-251 and 11-251.05, A.R.S. Counties are also limited to charging fees for services such as sheriff civil fees, recorder fees and superior court clerk fees, as set forth in state law. The proposed legislation would enable counties to enact countywide ordinances subject to approval by an affected city or town and to impose fees in addition to fees authorized in statute or separate fees which do not exceed the cost of the service.

And, in describing the material provisions of amended § 11-251.05 and newly enacted § 11-251.08, the Fact Sheet noted the bill "[a]uthorizes the county board of supervisors to adopt, amend and repeal all ordinances, not otherwise specified in law, necessary for conduct of county business" and "authorizes counties to impose new fees or fees in addition to fees authorized in statute provided the fees do not exceed the cost of service."

¶26        This legislative history supports the view that, by its 1988 amendment to § 11-251.05(A) and simultaneous enactment of § 11-251.08, the legislature clearly intended to expand the authority of a county board of supervisors to enact ordinances, unfettered by the specific powers prescribed in § 11-251, and to adopt fees or other charges beyond those set by statute. This authority could include providing for a prosecution fee.

---

[5]Arizona courts have cited Senate fact sheets as relevant legislative history and as reflective, though not dispositive, of legislative intent. *See State ex rel. Ariz. Dep't of Revenue v. Capitol Castings, Inc.*, 207 Ariz. 445, ¶ 19, 88 P.3d 159, 163 (2004); *Zamora*, 185 Ariz. at 276, 915 P.2d at 1231; *City of Chandler v. Ariz. Dep't of Transp.*, 216 Ariz. 435, ¶ 14, 167 P.3d 122, 127 (App. 2007); *Lincoln v. Holt*, 215 Ariz. 21, ¶ 12, 156 P.3d 438, 442 (App. 2007).

¶27     Other aspects of § 11-251.05(A), however, cast doubt on whether the legislature intended to authorize the type of county ordinance and prosecution fee at issue here. Two points tend to negate any such intent. First, the 1988 amendment to § 11-251.05 left subsection (A)(2) unchanged. 1988 Ariz. Sess. Laws, ch. 231, § 1. Under that provision, a board of supervisors may "[p]rescribe punishment by fine or imprisonment, or both, for the violation of an ordinance adopted pursuant to paragraph 1 of this subsection." § 11-251.05(A)(2). In the present cases, however, appellants were charged with and convicted of violations of state felony statutes, not "the violation of an ordinance." *Id*.

¶28     "[S]ubsections of a single statute must be 'read together and harmonized to avoid rendering any word, clause or sentence superfluous.'" *State v. Mangum*, 214 Ariz. 165, ¶ 15, 150 P.3d 252, 256 (App. 2007), *quoting State v. Story*, 206 Ariz. 47, ¶ 13, 75 P.3d 137, 141 (App. 2003); *see also State v. Vondohlen*, 24 Ariz. App. 362, 363-64, 538 P.2d 1163, 1164-65 (1975). It would seem incongruous for the legislature to expressly permit counties to prescribe punishment for ordinance violations while simultaneously only implicitly authorizing them to punish violations of state felony statutes. Indeed, that the legislature in subsection (A)(2) of § 11-251.05 expressly permitted a board of supervisors to "[p]rescribe punishment . . . for the violation of an ordinance adopted pursuant to paragraph 1 of this subsection" implies that the ordinance-enacting authority granted in subsection (A)(1) does not encompass ordinances relating to felony cases. In view of the limited scope of subsection (A)(2) and its express reference to "ordinance[s] adopted pursuant to"

17

subsection (A)(1), a potential conflict exists between the ordinance and Arizona's statutory scheme addressing punishment for felonies.

¶29      The state, however, argues the ordinance here merely permits a prosecution fee and does not "[p]rescribe punishment by fine" or otherwise. § 11-251.05(A)(2). That argument leads to our second point regarding § 11-251.05. Although clearly intending to broaden a county's power to adopt ordinances by amending the statute in 1988, the legislature in that same amendment added a qualification expressly precluding the adoption of any county ordinance that is "in conflict with any rule or law of this state." § 11-251.05(A)(1); *see also* 1988 Ariz. Sess. Laws, ch. 231, § 1. We must presume the legislature intended to change the law by adding that restrictive language. *See Washburn*, 206 Ariz. 571, ¶ 11, 81 P.3d at 1035. The question, then, is whether the ordinance and prosecution fee conflict with any "law of this state." § 11-251.01(A)(1). If so, the exception to subsection (A)(1) applies and the Pinal County Board of Supervisors lacked authority to adopt Ordinance 91097-PS.

¶30      As noted earlier, appellants contend that "[t]he prosecution fee constitutes an additional fine incurred as a result of conviction of a felony [offense established] by the State legislature" and that neither § 11-251.05 nor § 11-251.08 "confer[s] upon a county the authority to impose additional fines for felonies." In response, the state neither argues nor cites authority for the proposition that a county may impose fines against, or otherwise penalize, a convicted felon. Rather, the state asserts that the assessment in question "is merely a prosecution *fee*," "*not* a criminal fine or sanction," and that the legislature has not

18

"preempt[ed] the field of court fees charged by counties." The state implicitly concedes, however, that if the assessment is punitive in nature and essentially constitutes a fine, the ordinance would conflict with state law, which establishes and defines felony offenses and prescribes the punishment therefor. *See generally* Title 13, A.R.S.; *see also* A.R.S. § 13-603(A); *State v. Marquez*, 127 Ariz. 98, 103, 618 P.2d 592, 597 (1980) ("[D]efining crimes and appropriate sanctions for those who commit them is a legislative function."); *cf.* A.R.S. § 13-101(2), (4) (declaring "public policy of this state" and including among "general purposes" of Title 13, "[t]o give fair warning . . . of the sentences authorized upon conviction" and "to prescribe proportionate penalties" for different categories of offenses).

¶31        The distinction between punitive measures such as fines and remedial or compensatory assessments, or fees, is not easily drawn. "A fine is a pecuniary form of punishment or sum of money exacted from a person guilty of an offense." *State v. Sheaves*, 155 Ariz. 538, 541, 747 P.2d 1237, 1240 (App. 1987); *see also Frazier v. Terrill*, 65 Ariz. 131, 136, 175 P.2d 438, 441 (1946) (fine is "a pecuniary punishment imposed by a lawful tribunal upon a person convicted of a crime"); *State v. Pitts*, 26 Ariz. App. 390, 391, 548 P.2d 1202, 1203 (1976); *Black's Law Dictionary* 664 (8th ed. 2004) ("'fine'" is "pecuniary criminal punishment or civil penalty payable to the public treasury"). In other words, "[a] fine is a criminal penalty that constitutes a sentence." *Marquez-Sosa*, 161 Ariz. at 503, 779 P.2d at 818. "The term sentence means the pronouncement by the court of the penalty imposed upon the defendant after a judgment of guilty." Ariz. R. Crim. P. 26.1(b).

¶32 In contrast, a fee is defined as a "charge for labor or services, esp[ecially] professional services." *Black's Law Dictionary* 647 (8th ed. 2004). Seeking to differentiate a fine from a fee, the Illinois supreme court has stated:

> A "fine" is a pecuniary punishment imposed as part of a sentence on a person convicted of a criminal offense. A "cost" is a charge or fee taxed by a court such as a filing fee, jury fee, courthouse fee, or reporter fee. Unlike a fine, which is punitive in nature, a cost does not punish a defendant in addition to the sentence he received, but instead is a collateral consequence of the defendant's conviction that is *compensatory in nature*. A "fee" is a charge for labor or services, especially professional services.

*People v. Jones*, 861 N.E.2d 967, 975 (Ill. 2006), *quoting People v. White*, 776 N.E.2d 836, 839 (Ill. App. Ct. 2002) (internal citations omitted). These descriptions do not create black and white categories but, rather, include many shades of gray. In the ordinance at issue here, the county clearly intended to structure the assessment as a compensatory charge for prosecutorial services. On the other hand, the assessment was in fact a pecuniary measure "'imposed as a part of a sentence on a person convicted of a criminal offense.'" *Id*.

¶33 In *Sheaves*, this court ruled that a "felony penalty assessment" imposed under A.R.S. § 13-812 "constitutes a 'fine' for sentencing purposes" and, consequently, the statutory prohibition in A.R.S. § 13-116 against multiple punishments applied. 155 Ariz. at 540, 541, 747 P.2d at 1239, 1240. In determining whether the assessment there was a fine, the court considered the following factors: (1) when the assessment could be recovered; (2) to whom the assessment was paid; and (3) any other indications suggesting the assessment was a fine rather than restitution or a civil penalty. *Id*. at 541-42, 747 P.2d at 1240-41.

20

Applying those factors here, we conclude on several grounds that the prosecution fee is more akin to a punitive fine than a compensatory fee.

¶34 As for the first factor, pursuant to the ordinance, the prosecution fee is recoverable in a criminal action only "[u]pon a defendant's conviction." In addition, the prosecution fee is imposed at the time of sentencing and only upon defendants convicted "at trial," unless pleading defendants have agreed in their plea agreements to a prosecution fee and its amount. Regarding the second factor, any money paid by a convicted defendant for the prosecution fee goes to a county-controlled fund, rather than to the court or any victim, and is specifically earmarked for the Pinal County Attorney's Office for use in various specified program areas there.[6] Third, the ordinance does not characterize the assessment as restitution or a civil penalty, nor does the state so argue. Under these circumstances, although the prosecution fee arguably has both punitive and remedial aspects, it effectively penalizes those defendants convicted of a felony after trial and thus essentially constitutes a fine.

¶35 That conclusion is consistent with Division One's recent decision in *State v. Castronova*, No. 1 CA-CR 07-0829, 2009 WL 1346608 (Ariz. Ct. App. May 14, 2009). The court in that case ruled that a $10 probation surcharge was properly imposed pursuant to A.R.S. § 12-114.01(A) because the underlying probation fee assessed under A.R.S. § 13-901(A) was a "penalty." *Castronova*, 2009 WL 1346608, ¶¶ 8-10. In so ruling, the court

---

[6]As noted below, that the prosecution fee is paid to and directly benefits the county, not the state, does not necessarily render it a nonpunitive fee rather than a fine.

"note[d] that 'penalty' is defined as 'the suffering in person, rights, or property that is annexed by law or judicial decision to the commission of a crime or public offense.'" *Id.* ¶ 7, *quoting Merriam-Webster's Collegiate Dictionary* 856 (10th ed. 2001). The court found the probation fee under § 13-901(A) clearly falls within that definition because it "is assessed against a defendant in consequence of a defendant's violation of law" and, "whether mandatory or not, is a 'punishment' that is 'imposed and collected' as a consequence of the violation of law." *Id.* ¶ 8.

**¶36** The same observations are true of the prosecution fee at issue here. Although the county intended the fee "to cover expenses for traditional prosecution services provided to criminal defendants prosecuted by the County Attorney," that nomenclature and expression of purpose cannot control when the circumstances that trigger the assessment, and its effect, render it punitive. *See Jones*, 861 N.E.2d at 985 (legislative body's label of "fee" to particular charge "not necessarily definitive" when "charge at issue is in fact a fine"); *cf. Mullet v. Miller*, 168 Ariz. 594, 597, 816 P.2d 251, 254 (App. 1991) ("A cow, after all, does not become a horse simply by calling it a horse.").

**¶37** We also find significant that Arizona's statutory framework establishes a comprehensive and complicated system for the assessment, collection, and distribution of numerous fines and fees in criminal cases. Pursuant to that elaborate scheme, the legislature has painstakingly prescribed the amounts and disposition of various statutorily required fees. *See, e.g.*, A.R.S. § 12-114.01 ($10 probation surcharge on every fine, penalty, and forfeiture shall be deposited in judicial collection enhancement fund (JCEF) established by A.R.S.

22

§ 12-113); A.R.S. § 12-116 ($20 time-payment fee disbursed to multiple funds, including JCEF, pursuant to A.R.S. §§ 35-146 and 35-147, with $7 "kept by the court imposing the fee to be used" for various specified purposes); § 13-901(A) (monthly probation fee imposed on superior court probationers paid to clerk of superior court, who then pays all monies collected to county treasurer for deposit in adult probation services fund established by A.R.S. § 12-267).

¶38        The ultimate, myriad destinations of such assessments do not alone dictate their appropriate characterization as fines or fees.  That is, the fact that a particular assessment is paid or distributed, in whole or in part, to a county does not necessarily mean the assessment is a fee.  *See*, *e.g.*, A.R.S. § 13-811(A) ("all fines collected in any court . . . shall be paid to the county treasurer of the county in which the court is held"); A.R.S. § 41-2421(C) (five percent "of any monies collected by the superior court," including "fines, penalties, surcharges, sanctions and forfeitures, shall be transmitted to the county treasurer" for statutorily specified allocation); § 41-2421(E) (from monies deposited pursuant to § 41-2421(C), county treasurer shall allocate over twenty-one percent "for the purposes specified in [A.R.S.] § 11-539," which establishes state aid to county attorneys fund); § 41-2421(J)(1) (over fifteen percent of monies collected pursuant to § 12-116.01(B) shall be allocated "to the state aid to county attorneys fund established by § 11-539").

¶39        In sum, that the prosecution fee imposed under this ordinance is directed to and benefits the Pinal County Attorney's Office does not compel the conclusion that the assessment is a fee.  Rather, although not clear cut, analysis of the pertinent factors in

23

*Sheaves* supports the conclusion that the county's prosecution fee is effectively a penalty imposed against convicted felons after trial. As such, that assessment and the ordinance under which it was imposed do not clearly implicate "the conduct of county business." § 11-251.05(A)(1). And, because the ordinance and prosecution fee conflict with the "law[s] of this state," they are not authorized, either expressly or by necessary implication, under § 11-251.05(A)(1).[7]

## IV.

¶40        We reach the same conclusion with respect to § 11-251.08(A). As noted earlier, that statute does not expressly authorize a county to impose a prosecution fee against convicted defendants in felony cases. *See Associated Dairy Prods.*, 68 Ariz. at 398, 206 P.2d at 1045; *Sw. Gas Corp.*, 188 Ariz. at 508, 937 P.2d at 698. Nor does § 11-251.08 necessarily imply a grant of such authority. *See Associated Dairy Prods.*, 68 Ariz. at 395, 206 P.2d at 1043 ("Implied powers do not exist independently of the grant of express powers and the only function of an implied power is to aid in carrying into effect a power expressly

---

[7]The ordinance also conflicts with state law because, at least under some circumstances, a trial court may "require a defendant, as part of a sentence, to reimburse the state for the costs of prosecution." *State v. Maupin*, 166 Ariz. 250, 252, 801 P.2d 485, 487 (App. 1990); *see also id*. at 253, 801 P.2d at 488 (trial court authorized under A.R.S. §§ 13-804 and 13-806 to require defendant, "as part of a sentence, to pay the costs of extradition" but, if so, should designate such costs "as a fine" under A.R.S. § 13-804(A)); § 13-806(H) (permitting state to file restitution lien after entry of judgment and sentence for amount of fine or costs if court previously "award[ed] costs of investigation or prosecution"); *but cf. State v. Guilliams*, 208 Ariz. 48, ¶ 23, 90 P.3d 785, 792 (App. 2004) ("We decline to construe the restitution laws to encompass costs incurred by governmental entities that are performing their routine functions, regardless of whether those costs can be traced back to a criminal act.").

24

granted."); *see also Mahoney v. County of Maricopa*, 49 Ariz. 479, 492, 68 P.2d 694, 700 (1937) ("'A necessary implication means not natural necessity, but so strong a probability of an intention that one contrary to that which is imputed to the party using the language cannot be supposed.'"), *quoting Gilbert v. Craddock*, 72 P. 869, 871 (Kan. 1903).

¶41 Furthermore, if the catch-all or auxiliary-powers provision in § 11-251.05(A) supposedly authorizes the ordinance and prosecution fee at issue here, as the state contends, there would have been no need for the legislature to simultaneously enact a separate provision in § 11-251.08(A) granting the same authority. *See Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, ¶ 8, 152 P.3d 490, 493 (2007) (courts interpret statutes so no part will be redundant). Moreover, § 11-251.08(B) provides that "[a]ny fee or charge established pursuant to this section must be attributable to and defray or cover the expense of the product or service for which the fee or charge is assessed." And subsection (B) also states, "A fee or charge shall not exceed the actual cost of the product or service." Even assuming § 11-251.08 implicitly authorizes the prosecution fee in question here, the record does not show, nor does the state argue, that the assessment complies with the requirements of subsection (B).

¶42 In addition, the fees authorized by § 11-251.08(A) relate to "any specific products and services the county provides to the public." The Pinal County Board of Supervisors presumably intended to bring the ordinance within that statutory phraseology by stating the prosecution fee is "to cover expenses for traditional prosecution services provided to criminal defendants prosecuted by the County Attorney." As appellants aptly argue,

25

however, the "county attorney [has] not provided any services to the criminal defendant" by prosecuting him or her. Rather, the county attorney, on behalf of the state, provides a required prosecutorial service to the public that benefits society generally, albeit not the defendant personally. *See* A.R.S. § 11-532(A)(1); *cf. State v. Smith*, 118 Ariz. 345, 347, 576 P.2d 533, 535 (App. 1978) (upholding trial court's requiring defendant as condition of probation to pay $210 for cost of incarceration and noting, "condition imposed is a reasonable method of bringing home to him the fact that criminal behavior has consequences not only for the victim, but . . . society as well").

¶43 Although public policy considerations may favor upholding the ordinances as the state urges, we see nothing in § 11-251.08 or its legislative history to suggest the legislature intended that statute to authorize counties to charge fees for services that do not benefit the payor, but instead serve purposes and interests diametrically opposed to his. In support of its contrary position, the state points to an opinion of the Arizona Attorney. 1995 Op. Ariz. Att'y Gen. I95-18. In response to various questions posed by the Administrative Office of the Courts, the attorney general stated:

> [B]oards of supervisors . . . may establish court-related fees for any specific products or services that the county . . . provides. These fees may be collected by courts within their jurisdiction and deposited into the proper local fund. Even though the Legislature has enacted some statutes which impose court fees, those statutes do not preempt cities and counties from establishing additional court fees and surcharges as long as the additional fees are authorized by a city charter or county ordinance and are not contrary to state law.

*Id*.  The attorney general ultimately concluded, "[A] county board of supervisors may establish fees and surcharges for court services that the county provides" and may "request the superior court to collect those fees on the county's behalf."  *Id*.

**¶44**        "We give respect to, but are not bound by, Attorney General Opinions." *Dowling v. Stapley*, 218 Ariz. 80, ¶ 16, 179 P.3d 960, 966 (App. 2008); *see also* A.R.S. § 41-193(A)(7); *Yes on Prop 200 v. Napolitano*, 215 Ariz. 458, ¶ 34, 160 P.3d 1216, 1227 (App. 2007) (attorney general opinions are advisory only).  For two reasons we do not find the attorney general's opinion applicable or persuasive here.  First, the opinion only addressed a county's authority to impose court fees, not criminal fines or other penalties in felony cases.  Second, the caveat to which the attorney general's opinion referred, that a county ordinance not be "contrary to state law," applies here for the reasons discussed above.

**¶45**        Division One's decision in *Soria* does not alter our conclusion.  In that case, on which the state does not rely, the defendant challenged a warrant fee imposed as part of his sentence pursuant to a superior court's administrative order relating solely to bench warrants.  *Soria*, 217 Ariz. 101, ¶¶ 1, 5, 170 P.3d at 711.  Although the appellate court reversed because the defendant had neither been served with a bench warrant nor received notice of a summons to appear, it noted the fee was authorized by § 11-251.08(A).  *Id*. n.1.  That footnote statement, however, appears to be dicta and was not accompanied by any analysis.  In any event, we do not view it as controlling here.

27

## V.

¶46         In contrast to either § 11-251.05(A) or § 11-251.08(A), the legislature has clearly and expressly authorized imposition of other fees against a criminal defendant.  For example, A.R.S. § 11-584(B)(3) provides that, "[a]lthough the services of the public defender or court appointed counsel shall be without expense to the defendant, the court may . . . [r]equire that the defendant . . . repay to the county a reasonable amount to reimburse the county for the cost of the defendant's legal defense." *See State v. Connolly*, 216 Ariz. 132, ¶ 3, 163 P.3d 1082, 1082-83 (App. 2007) (fees for court-ordered attorney and indigent-assessment fees, "imposed to reimburse the county for costs of legal services," authorized by § 11-584(B) and not "'penalty, fine, or sanction'" under A.R.S. § 12-116(A)); *see also* A.R.S. § 12-114.01(A) (probation surcharge); § 12-116(A) (authorizing additional, $20 time-payment fee "on each person who pays a court ordered penalty, fine or sanction on a time payment basis"); A.R.S. § 12-269(C) (probation surcharge in counties with two million or more people); A.R.S. § 13-119 (mandatory sex-offender registration assessment).

¶47         Thus, when the legislature has chosen to authorize imposition of particular fees in criminal cases, it has done so in clear, unambiguous terms.  In contrast, neither § 11-251.05 nor § 11-251.08 clearly authorizes the type of county prosecution fee imposed here. Finding neither an express nor necessarily implied "grant of power by the legislature to the board [of supervisors] to enact the ordinance here involved, it must be held to be invalid, regardless of whether the subject of said ordinance is of local or state-wide concern." *Associated Dairy Prods.*, 68 Ariz. at 396, 206 P.2d at 1043.  Accordingly, we need not reach

28

and do not address appellants' argument that the Pinal County ordinance is an unconstitutional "local or special law[]" concerning "[p]unishment of crimes and misdemeanors." Ariz. Const. art. IV pt. 2, § 19(7).[8]

**¶48** Our holding is consistent with "[t]he American legal tradition [that] does not, absent specific statutory authority, require defendants to reimburse the government for the costs of their criminal investigations or their criminal prosecutions." *United States v. Bevilacqua*, 447 F.3d 124, 127 (1st Cir. 2006); *see also People v. Minor*, 116 Cal. Rptr. 2d 591, 595 (Ct. App. 2002); *State v. Smith*, 695 N.W.2d 440, 444 (Neb. Ct. App. 2005). Although the superior court "may proceed according to the common law," A.R.S. § 12-122, the common law supports neither the ordinance nor the county's prosecution fee imposed thereunder. But to the extent this opinion may not correctly interpret either § 11-251.05 or § 11-251.08 as the legislature intended, we clearly acknowledge "'the legislature retains the power to correct us.'" *Hancock v. Bisnar*, 212 Ariz. 344, ¶ 22, 132 P.3d 283, 288 (2006), *quoting Galloway v. Vanderpool*, 205 Ariz. 252, ¶ 17, 69 P.3d 23, 27 (2003).

---

[8]We note that appellants' arguments on many of the issues and points discussed herein were deficient in many respects. But, "[i]f application of a legal principle, even if not raised below, would dispose of an action on appeal and correctly explain the law, it is appropriate for us to consider the issue." *Evenstad v. State*, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App. 1993); *see also Home Builders Ass'n*, 215 Ariz. 146, n.3, 158 P.3d at 874 n.3 (when "interpreting a statute, we are not bound by [a party's] waiver" by failure to raise the argument below). In addition, "[a]n appellate court may find fundamental error even if the issue is not raised on appeal by a defendant." *Henderson*, 210 Ariz. 561, n.6, 115 P.3d at 611 n.6 (Hurwitz, J., concurring); *see also State v. Mann*, 188 Ariz. 220, 232 n.1, 934 P.2d 784, 796 n.1 (1997) (Martone, J., concurring); *State v. Fernandez*, 216 Ariz. 545, ¶ 32, 168 P.3d 641, 650 (App. 2007) (court "will not ignore" fundamental sentencing error if found).

**¶49** We conclude that, because the county's prosecution fee was statutorily unauthorized, it was illegal to include that assessment as part of appellants' sentencings.[9] Therefore, the trial court fundamentally erred in imposing the fee. *See Soria*, 217 Ariz. 101, ¶ 7, 170 P.3d at 712 (unauthorized warrant fee was illegal sentence and constituted fundamental error); *State v. Lewandowski*, 220 Ariz. 531, ¶¶ 4, 11, 207 P.3d 784, 786, 788 (App. 2009) (early entry of administrative fees at sentencing illegal "because it requires a defendant to make additional payments that are not authorized by law"); *State v. Thues*, 203 Ariz. 339, ¶ 4, 54 P.3d 368, 369 (App. 2002) (imposition of illegal sentence is fundamental error); *State v. Beltran*, 189 Ariz. 321, 322-23, 942 P.2d 480, 481-82 (App. 1997) (imposition of surcharge in addition to fine on indigent defendant abuse of discretion and fundamental error when defendant failed to request hardship waiver below); *cf. Jackson v. Schneider*, 207 Ariz. 325, ¶ 10, 86 P.3d 381, 383-84 (App. 2004) (when trial court exceeds sentencing authority, sentence void as to excess portion). The orders in question prejudiced appellants by requiring them to pay an assessment that was not legally authorized. Accordingly, appellants must be relieved of that obligation despite their failure to object below to the assessment.

---

[9]That the prosecution fee was assessed against appellants as a condition of probation does not alter our analysis or conclusion. Pursuant to A.R.S. § 13-901(A), when a defendant is placed on probation, the trial court may impose "such terms and conditions as the law requires and the court deems appropriate." And under Rule 27.1, Ariz. R. Crim. P., "[t]he sentencing court may impose on a probationer such conditions as will promote rehabilitation." But we do not find, nor does the state argue, that "the law requires" assessment of a prosecution fee as a condition of probation, § 13-901(A), or that such a fee "will promote rehabilitation." Ariz. R. Crim. P. 27.1.

**Disposition**

¶50      For the reasons set forth in our separate memorandum decision, appellants' convictions and probationary terms are affirmed.  For the reasons set forth in this opinion, however, we vacate the trial court's orders imposing a $1,000 prosecution fee on each of the appellants.

_____
JOHN PELANDER, Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Chief Judge


_____
PHILIP G. ESPINOSA, Presiding Judge