NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOHNNY RAY WALLS-BEY, *Petitioner*.

No. 1 CA-CR 23-0556 PRPC

FILED 11-07-2024

Petition for Review from the Superior Court in Maricopa County
No. CR2020-001909-001
The Honorable Adam D. Driggs, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Philip D. Garrow
*Counsel for Respondent*

Johnny Ray Walls-Bey, Phoenix
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Randall M. Howe joined.

---

**C A T L E T T**, Judge:

¶1        Petitioner Johnny Rey Walls-Bey ("Walls-Bey") seeks review of the superior court's dismissal of his petition for post-conviction relief ("Petition").  We grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2        Walls-Bey entered into contingent plea agreements to resolve two criminal cases, one brought in 2020 and one brought in 2022.  In the 2020 matter, Walls-Bey pled guilty to threatening or intimidating and misconduct involving weapons.  In the 2022 matter, he pled guilty to abducting a child.  The plea agreements stipulated that the superior court would sentence Walls-Bey to prison in the 2022 matter followed by supervised probation in the 2020 matter.

¶3        Almost immediately after entering the plea agreements, Walls-Bey sought to withdraw from them, alleging the State used perjured testimony before the grand jury.  The superior court denied Walls-Bey's motion, finding that his pleas were knowing, voluntary, and intelligent and supported by a factual basis.  Consistent with the plea agreements, the superior court sentenced Walls-Bey to 1.5 years in prison in the 2022 matter. Waiving community supervision in the 2022 matter, the superior court then placed Walls-Bey on 2 years of supervised probation in the 2020 matter.

¶4        Walls-Bey timely filed his Petition.  In it, Walls-Bey claimed he should have been permitted to withdraw from the plea agreements because the court waived community supervision, the State presented perjured evidence to the grand jury, the State failed to present exculpatory information to the grand jury, and the superior court lacked subject matter jurisdiction. The superior court dismissed the Petition, finding no colorable claims.

**DISCUSSION**

¶5          In his Petition for Review, Walls-Bey again contends he should be permitted to withdraw from the plea agreements because the superior court waived community supervision and it lacked subject matter jurisdiction because the State presented perjured evidence to the grand jury. We review the superior court's dismissal of a petition for post-conviction relief for an abuse of discretion. *State v. Pandeli*, 242 Ariz. 175, 180 ¶ 4 (2017). We find none here.

¶6          Walls-Bey's claim that waiver of community supervision breached the plea agreements is not properly before us. Walls-Bey filed a petition for review in the 2020 matter, not in the 2022 matter (although the superior court appears to have construed the Petition as being filed in both matters). The action Walls-Bey challenges—waiving community supervision—occurred only in the 2022 matter. But, even if the issue is before us, Walls-Bey has not shown that serving a *longer* sentence by having community supervision imposed consecutive to his prison sentence was a relevant factor in his decision to enter the plea agreements. *See State v. Jenkins*, 193 Ariz. 115, 120-21 ¶¶ 18-19 (App. 1998). In fact, the superior court's decision to waive community supervision benefited Walls-Bey because it reduced the sentence imposed for the 2022 matter. Rather than having to complete community supervision in the 2022 matter before starting probation in the 2020 matter, Walls-Bey's probation term began immediately after his release from prison. *See* A.R.S. § 13-603(K) (authorizing the court to waive community supervision "if the court sentences a person to serve a consecutive term of probation immediately after the person serves a term of imprisonment").

¶7          We also reject Walls-Bey's argument that the superior court lacked subject matter jurisdiction. "'[S]ubject matter jurisdiction' refers to a court's statutory or constitutional power to hear and determine a particular type of case." *State v. Maldonado*, 223 Ariz. 309, 311 ¶ 14 (2010). The superior court has subject matter jurisdiction over criminal felony cases, such as Walls-Bey's. Ariz. Const. art. VI, § 14(4); *see also* A.R.S. § 12–123(A); *State v. Payne*, 223 Ariz. 555, 559 ¶ 7 (App. 2009). Moreover, Walls-Bey waived any attack on the grand jury proceedings and the indictment when he entered into the plea agreements. *See State v. Flores*, 218 Ariz. 407, 409-10 ¶ 6 (App. 2008) ("A plea agreement waives all non-jurisdictional defects.").

**¶8**     Finally, Walls-Bey argues that the State's Response to his Petition violated the applicable rules.  Having reviewed the response, we disagree.

## CONCLUSION

**¶9**     We grant review but deny relief.

