330 P.3d 1021

**STATE of Arizona, Appellee,**

v.

**Yony Gerardo PELAEZ, Appellant.**

**No. 1 CA–CR 13–0452.**

Court of Appeals of Arizona,
Division 1.

July 29, 2014.

Arizona Attorney General's Office, By Robert A. Walsh, Assistant Attorney General, Phoenix, Counsel for Appellee.

Maricopa County Public Defender's Office, By Thomas K. Baird, Deputy Public Defender, Phoenix, Counsel for Appellant.

Judge DONN KESSLER delivered the decision of the Court, in which Presiding Judge JOHN C. GEMMILL and Judge ANDREW W. GOULD joined.

## OPINION

KESSLER, Judge.

¶ 1 Yony Gerardo Pelaez ("Pelaez") appeals his sentences on one count of criminal trespass in the first degree and one count of aggravated assault. Pelaez argues the trial court improperly ordered him to pay two twenty-dollar probation surcharges and a DNA testing fee. For reasons that follow, we affirm in part and vacate in part.

## PROCEDURAL HISTORY

¶ 2 Pelaez was sentenced to one and three-fourths years' incarceration for one count of criminal trespass in the first degree and one and three-fourths years' incarceration for one count of aggravated assault. In addition, Pelaez was ordered to pay assessments, including two probation "surcharges" of twenty dollars for each conviction. Finally, the trial court ordered Pelaez to submit to DNA testing for identification purposes and pay the applicable fee for the cost of that testing. Pelaez timely appealed. We have jurisdiction pursuant to Article VI, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and 13–4033(A).

## DISCUSSION

### A. Probation Surcharge

■ ¶ 3 Pelaez argues the court erred in assessing the "surcharge" for his aggravated assault conviction. Relying on A.R.S. §§ 12–114.01(A) (2009) and 12–269(C) (2006), Pelaez reasons that because the two twenty-dollar assessments are labeled as surcharges, they must be "over, above, or in addition to, another charge" and the surcharge on the aggravated assault conviction was erroneous because there was no underlying financial assessment on which to add a surcharge. In a case that analyzed an earlier version of both A.R.S. §§ 12–114.01(A) (2009) and 12–269(C) (2006), we agreed. *State v. Payne,* 223 Ariz. 555, 565–68, ¶ ¶ 35, 46, 225 P.3d 1131, 1141–42 (2009). The 2009 version of §§ 12–114.01(A) stated, "a probation surcharge of [twenty] dollars shall be levied on every fine, penalty and forfeiture imposed and collected by the superior, justice and municipal courts for criminal offenses...." A.R.S. § 12–114.01(A) (2009).[1] In *Payne,* the court held that since an underlying assessment had been imposed on the defendant, the trial court could invoke either §§ 12–114.01(A) (2009) or 12–269(C) (2006). 223 Ariz. at 568, ¶ 46, 225 P.3d at 1141–42.

¶ 4 In 2010, however, the Legislature amended § 12–114.01(A). Crimes and Probation, 2010 Ariz. Legis. Serv. Ch. 194 (H.B. 2435) (West). The Legislature removed the phrase "shall be levied on every fine ..." and inserted "on conviction for a criminal offense...." *Id.* Additionally, it replaced the label probation "surcharge" with the term "assessment." *Id.* Similarly, A.R.S. § 12–269(C) was amended in 2011. Probation Officers, 2011 Ariz. Legis. Serv. Ch. 204 (S.B. 1054) (West). Thus, the most recent version of section 12–114.01(A) provides in pertinent part, "in addition to any other penalty, fine, fee, surcharge or assessment authorized by law, a person shall pay an assessment of twenty dollars on conviction for a criminal offense...." A.R.S. § 12–114.01(A) (2011). Comparing the earlier version with the current version of the statutes, it is clear that when it enacted the changes in 2010, the Legislature did not intend the probation assessment to be a surcharge on another assessment, but as an assessment to be paid on a conviction. A.R.S. §§ 12–114.01(A) (2011), 12–269(C) (2011). Since Pelaez committed his offenses after the effective dates of the statutory amendments, the amended statutes apply to him. *State v. Stefanovich,* 232 Ariz. 154, 156, ¶ 8, 302 P.3d 679, 681 (App.2013).

---

1. The 2006 version of § 12–269(C) stated, "[i]n lieu of the surcharge prescribed in § 12–114.01 and in addition to any other penalty assessment provided by law, a county with a population of two million or more persons shall levy a probation surcharge in an amount determined by the county on every fine, penalty and forfeiture imposed and collected by the superior, justice and municipal courts for criminal offenses...." A.R.S. § 12–269(C) (2006).

¶ 5 Therefore, although the trial court used the old label of probation surcharge, both charges were probation assessments, and are lawful. Accordingly, we affirm the trial court's assessments.

### B. DNA Testing

¶ 6 As part of Pelaez's sentence, the trial court required him to pay for his DNA testing pursuant to A.R.S. § 13–610 (Supp. 2013). After the court so ruled, we held in *State v. Reyes*, 232 Ariz. 468, 472, ¶ 14, 307 P.3d 35, 39 (App.2013), there is no basis to require a convicted defendant to pay the cost of his DNA testing. Therefore, we vacate the portion of Pelaez's sentence that requires him to pay for his DNA testing. *See id.*

### CONCLUSION

¶ 7 For the foregoing reasons, we affirm Pelaez's conviction and sentence. However, we modify his sentence by vacating the portion that requires Pelaez to pay for his DNA testing.