NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

KURT JAY STIEFEL, *Appellant.*

No. 1 CA-CR 14-0532
FILED 9-10-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-114027-001
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Officer, Phoenix
By Terry J. Adams
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge John C. Gemmill and Judge Kenton D. Jones joined.

---

**K E S S L E R**, Judge:

¶1 Appellant Kurt Jay Stiefel ("Stiefel") was tried and convicted of one count of possession of dangerous drugs with the intent to sell (Count 1), a class 2 felony, and two counts of possession of drug paraphernalia (Counts 2 & 3), class 6 felonies. He was sentenced to concurrent terms of twelve and one half years in prison and a $1000 fine for Count 1 and three years' imprisonment each for Counts 2 and 3. Stiefel's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530, 2 P.3d 89 (App. 1999). Finding no arguable issues to raise, counsel requests that this Court search the record for fundamental error. For the reasons that follow, we affirm Stiefel's convictions and sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶2 The Phoenix Police Department received a tip that drugs were being sold in a house in Maricopa County. A team of detectives conducted surveillance on the residence for about two hours and witnessed "at least five or six" people visit the house for five to ten minutes and then leave. Detective T got a search warrant for the house, which SWAT executed.

¶3 SWAT removed three people from the house, including Stiefel. Upon searching the house, the police found an Arizona Public Service ("APS") utility bill for the residence bearing Stiefel's name, 246 grams of methamphetamine, three digital scales, a large quantity of small plastic bags, and $4410 in cash, all in the southwest bedroom of the house. When the search was complete, the officers arrested Stiefel.

¶4 The jury found Stiefel guilty of all three counts. At the aggravation phase, Stiefel admitted to committing the crimes for pecuniary gain. After an evidentiary hearing, the trial court found Stiefel had four prior felony convictions, which made him a category three repetitive offender. *See* Ariz. Rev. Stat. ("A.R.S.") §§ 13-105(22) (West 2015), 13-703(C)

(West 2015).[1]  After considering mitigating and aggravating factors, the court sentenced Stiefel to mitigated prison sentences and a $1000 fine with an 83% surcharge for a total of $1830.

**¶5**        Stiefel timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 (West 2015), -4033(A)(1) (West 2015).

## I.        The evidence was sufficient for all three counts.

**¶6**        We find no fundamental error in the proceedings, and the State produced sufficient evidence for the convictions.  In an *Anders* appeal, this Court must review the entire record for fundamental error.  Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to his defense, or is an "error of such magnitude that the defendant could not possibly have received a fair trial." *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005) (quoting *State v. Hunter*, 142 Ariz. 88, 90, 688 P.2d 980, 982 (1984)).  To reverse, the defendant must also show that the error was prejudicial. *Id.* at ¶ 20.  "We construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12, 967 P.2d 106, 111 (1998).  "Reversible error based on insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200, 928 P.2d 610, 624 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424–25, 555 P.2d 1117, 1118–19 (1976)).

**¶7**        For possession of dangerous drugs with the intent to sell, the State has the burden of proving Stiefel knowingly possessed nine grams or more of methamphetamine with intent to sell it. *See* A.R.S. §§ 13-3407(A)(2) (West 2015) (knowingly possess for sale), -3401(6)(c)(xxxviii) (West 2015) (methamphetamine is a dangerous drug), -3401(36)(e) (threshold amount is nine grams).  To prove possession, the State had to prove Stiefel actually or constructively possessed the methamphetamine. *See* A.R.S. § 13-105(35); *State v. Chabolla–Hinojosa*, 192 Ariz. 360, 363, ¶ 13, 965 P.2d 94, 97 (App. 1998).   Mere presence where the methamphetamine was found is insufficient to show constructive possession. *See State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 11, 297 P.3d 927, 929 (App. 2013).  When a defendant's personal possessions are found in close proximity to the drugs indicating that the defendant resides in or is staying in a room with the drugs, the jury can

---

[1] We cite the current version of applicable statutes because no revisions material to this decision have since occurred.

infer constructive possession. *See State v. Jung*, 19 Ariz. App. 257, 261, 506 P.2d 648, 652 (1973).

**¶8**      At trial, Detective C testified about the layout of the house and the discovery of the methamphetamine, $4410 in cash, small bags, scales, and the APS bill bearing Stiefel's name in the southwest bedroom. A forensic scientist with the Phoenix Police Department Crime Lab testified the items seized from the house included 246 grams of methamphetamine. Detective T testified that he witnessed several people coming to the house by various means, remaining for a few minutes, then departing, which he testified was consistent with someone selling drugs in the house.

**¶9**      The evidence is sufficient to show Stiefel lived in the southwest bedroom, thus showing he had dominion and control over the drugs and paraphernalia. Not only did the police find the APS bill in Stiefel's name in that bedroom, but also found Stiefel's clothes in the same bedroom. Detectives T and C testified that when SWAT removed Stiefel from his house, he was missing at least one shoe and was either shirtless or wanted a jacket. About two hours after serving the warrant, Detective T informed Stiefel that he was going to be charged and taken to jail. Stiefel then asked Detective T to retrieve his clothes from the southwest bedroom. When Detective T could not locate them, he escorted Stiefel to the southwest bedroom, and Stiefel located and retrieved his clothes. Detectives T and C both testified that Stiefel entered the southwest bedroom to retrieve his clothes, and Detective T testified that Stiefel verbally asserted ownership of the southwest bedroom.[2]

**¶10**     Read in the light most favorable to upholding the jury's verdict, there is sufficient evidence to show that the methamphetamine was found in Stiefel's bedroom. Given the amount of methamphetamine, the large amount of cash, and the officer's testimony that several people were

---

[2] Based on the record, Stiefel was not read his *Miranda* rights before he asked for and retrieved his clothes. *See Miranda v. Arizona*, 384 U.S. 436 (1966). Thus, the officers should not have been permitted to testify about those actions. *See Michigan v. Mosley*, 423 U.S. 96, 100 (1975); *State v. Montes*, 136 Ariz. 491, 494, 667 P.2d 191, 194 (1983); *State v. Zamora,* 220 Ariz. 63, 68, ¶ 10, 202 P.3d 528, 533 (App. 2009). However, the error was harmless because the location of his clothes was derived from his voluntary statements. *See United States v. Patane*, 542 U.S. 630, 636 (2004).

coming and going from the house, the evidence is sufficient to show Stiefel intended to sell the methamphetamine.

**¶11** For possession of drug paraphernalia the State must prove that Stiefel possessed drug paraphernalia and intended to use it to "pack, repack, store, contain, [or] conceal" or analyze methamphetamine, A.R.S. § 13-3415(A) (West 2015). Bags and scales can be drug paraphernalia. A.R.S. § 13-3415(F)(2)(e), (j). The court instructed the State had to prove that the scales were used or intended to be used to weigh or measure the methamphetamine and the baggies were used or possessed with the intent to repack, store or contain the methamphetamine.[3]

**¶12** The State proved that Stiefel possessed 246 grams of methamphetamine. The three scales and numerous plastic bags were found in the southwest bedroom, along with the methamphetamine. Based on the proximity of the bags and scales to the methamphetamine the jury could infer that these items were drug paraphernalia.

## II. The sentencing and fine were within the statutory requirements.

**¶13** For Count 1, possession of dangerous drugs with the intent to sell, the court sentenced Stiefel to twelve and one half years of imprisonment, *see* A.R.S. § 13-703(J); a $1000 fine with a surcharge of 83%, *see* A.R.S. § 13-3407(H); a $13 penalty assessment, *see* A.R.S. § 12-116.04(A) (West 2015); a $20 time payment fee, *see* A.R.S. § 12-116(A) (West 2015); an $80 surcharge, *see* A.R.S. § 16-954(A) (West 2015); and a $20 probation assessment, *see* A.R.S. § 12-114.01(A) (West 2015).[4]

---

[3] While A.R.S. § 13-3415(A) does not define "analyze," it is defined as "to break apart (any whole) into its parts so as to find out their nature, proportion, function, relationship, etc." *Analyze*, Webster's New Universal Unabridged Dictionary (2nd ed. 1983). We can turn to dictionary definitions when the statutes do not define the term. *State v. Peña*, 235 Ariz. 277, 279, ¶ 6, 331 P.3d 412, 414 (2014). As analyzing requires breaking apart and determining proportions, the court did not err in using the terms to weigh or measure in lieu of the statutory term "analyze."

[4] The court refers to the probation assessment as a "probation surcharge." In 2010, the legislature substituted "surcharge" for "assessment," but the assessment is properly imposed even if the court refers to it as a surcharge. *See State v. Pelaez*, 235 Ariz. 264, 265–66, ¶¶ 4–5, 330 P.3d 1021, 1022–23 (App. 2014).

¶14	The mitigated prison sentence imposed was within the statutory range for a category three repetitive offender convicted of a class 2 felony. *See* A.R.S. § 13-703(J). The court gave Stiefel 90 days of presentence incarceration credit; however, he was only incarcerated for eighty-four days before sentencing. Additionally, the fine was also significantly lower than that required by A.R.S. § 13-3407(H).[5] The State did not appeal the unlawfully lenient fine or excessive presentence incarceration credit, and we lack subject matter jurisdiction to correct either. *See State v. Dawson*, 164 Ariz. 278, 286, 792 P.2d 741, 749 (1990).

¶15	The mitigated sentences for Counts 2 and 3, possession of drug paraphernalia, are within the statutory range for a category three repetitive offender convicted of class 6 felonies. *See* A.R.S. § 13-703(J).

## CONCLUSION

¶16	After careful review of the record, we find no meritorious grounds for reversal of Stiefel's convictions, sentences or fines and surcharges. The evidence supports the verdicts; the sentences imposed are within the sentencing limits; the proceedings were held in accordance with the Arizona Rules of Criminal Procedure; Stiefel was permitted to speak at sentencing; and Stiefel was represented at all critical stages of trial. Accordingly, we affirm his convictions, sentences, fines and surcharges.

---

[5] Section 13-3407(H) imposes a fine of $1000 or three times the value of the drugs involved in the offense, whichever is greater. Stiefel had 246 grams of methamphetamine. Detective C testified that the wholesale value of the drugs was at least $3000. Thus, the court should have imposed a $9000 fine.

**¶17** Upon the filing of this decision, counsel shall inform Stiefel of the status of the appeal and his options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Stiefel shall have thirty days from the date of this decision to proceed, if he so desires, with a pro per motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: ama