170 P.3d 710

**STATE of Arizona, Appellee,**

v.

**John David SORIA, Appellant.**

**No. 1 CA–CR 06–1045.**

Court of Appeals of Arizona,
Division 1, Department A.

Nov. 27, 2007.

Terry Goddard, Attorney General by
Randall M. Howe, Chief Counsel, Criminal
Appeals Section and Eric J. Olsson, Assistant
Attorney General, Phoenix, Attorneys for
Appellee.

James J. Hass, Maricopa County Public
Defender by Edward F. McGee, Phoenix,
Attorneys for Appellant.

---

**4.** We express no opinion on whether defendant may obtain relief pursuant to Arizona Rule of Criminal Procedure 32.

## OPINION

PORTLEY, Judge.

¶1 Appellant John David Soria ("Defendant") challenges the imposition of a $45 warrant fee assessment as part of his sentence. He contends that the superior court's administrative order requiring imposition of the fee whenever a bench warrant is issued is inapplicable because he was not arrested under a bench warrant but an arrest warrant. We agree, and modify the sentence by vacating the warrant fee.

### FACTS AND PROCEDURAL BACKGROUND

¶2 On September 23, 2005, a complaint was filed charging Defendant with two counts of aggravated driving under the influence ("DUI"). A summons was mailed to Defendant, but was returned stamped "[n]ot deliverable as addressed." Subsequently, a "Warrant for Arrest" was issued, and Defendant was arrested on January 28, 2006. The case proceeded to trial on information that charged two counts of aggravated DUI.

¶3 Defendant was convicted as charged. He was sentenced to probation, which included four months in prison and various fees and fines, including a $45 administrative "Warrant Charge." Defendant appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2003) and 13–4033(A)(1) (2001).

### DISCUSSION

¶4 Defendant contends that the trial court erred by adding the warrant assessment to his sentence. He asserts that the administrative fine only applies to bench warrants and that the trial court issued an arrest warrant. Because Defendant did not raise this issue at trial, we will review the court's judgment for fundamental error. *State v. Henderson,* 210 Ariz. 561, 567, ¶19, 115 P.3d 601, 607 (2005). To prevail under fundamental-error review, Defendant "must establish both that fundamental error exists and that the error in his case caused him prejudice." *Id.* at ¶20. "Generally, imposition of an illegal sentence constitutes fundamental error." *State v. Munninger,* 213 Ariz. 393, 397, ¶11, 142 P.3d 701, 705 (App.2006) (internal quotation marks omitted).

¶5 Maricopa County Superior Court Administrative Order No.2004–199 authorizes the superior court to fine defendants "whose arrest is commanded by a bench warrant for, 1) their failure to appear in court as required; or 2) their failure to pay outstanding fines and fees."[1] Because we have to construe the administrative order to resolve the issue, we do so de novo. *See Stapert v. Ariz. Bd. of Psychologist Exam'rs,* 210 Ariz. 177, 179, ¶7, 108 P.3d 956, 958 (App.2005).

¶6 The Administrative Order does not apply to all warrants issued by the superior court. Rather, it is designed to recover costs associated with issuing a bench warrant arising out of a failure to appear or a failure to pay outstanding fines and fees. Its application is limited, therefore, to circumstances where a defendant fails to follow the express directions of the court.[2] Because the Admin-

1. The fee is authorized by A.R.S. § 11–251.08(A) (2001), which provides, "the board of supervisors may adopt fee schedules for any specific products and services the county provides to the public. Notwithstanding fee schedules or individual charges in statute, a board of supervisors may adopt an additional charge or separate individual charge."

2. The order states:

   [T]he Maricopa County Board of Supervisors authorized the imposition of a $45.00 Superior Court Warrant Fee ("the Fee") on defendants whose arrest is commanded by a bench warrant for, 1) their failure to appear in court as required; or 2) their failure to pay outstanding fines and fees (as defined in Superior Court

   Administrative Order and any succeeding orders) beginning July 1, 2004. Passage of this fee was reflected as Board of Supervisors agenda item number C–38–04–022–8–00.

   **WHEREAS,** there is a need to detail the procedures necessary to implement the ordering, recording, processing, and collecting of the Fee.

   **IT IS ORDERED** regarding bench warrants issued for failure to appear prior to conviction as follows:

   1. Superior Court Judicial Officers shall order the Fee assessed upon issuance of the bench warrant, and the Fee assessment shall be reflected in the warrant issuance minute entry.

istrative Order functions to fine a defendant who fails to follow an order of the court, the plain language and context of the order make it self-evident that a defendant must have received some notice of the reason, time and place to appear before a court can decide that he or she "fail[ed] to appear in court as required." Maricopa County Superior Court Admin. Order No.2004–199; *see, e.g., Stein v. Sonus USA, Inc.*, 214 Ariz. 200, 201, ¶ 3, 150 P.3d 773, 774 (App.2007) (stating that the language and context of a statute are used to construe its meaning).

 ¶ 7 Here, Defendant's summons to appear was returned without being delivered. There is no evidence in the record that Defendant was otherwise aware of the reason, time and place of his appearance. Because Defendant did not receive notice of the summons, the court should not have imposed the warrant fee.[3] As a result, therefore, the warrant fee was improper and that part of the sentence was illegal. *See, e.g., Gotay v. United States*, 805 A.2d 944, 946 (D.C.2002) (holding that an unauthorized fine is an illegal sentence); *Medley v. Maryland*, 386 Md. 3, 870 A.2d 1218, 1219 (2005). Consequently, the assessment of the warrant fee was fundamental error. *See Munninger*, 213 Ariz. at 397, ¶ 11, 142 P.3d at 705. The prejudice results from the fact that Defendant has or will have to pay an amount not sanctioned by the law or the Administrative Order. Therefore, because both fundamental error and prejudice exist, we vacate the $45 assessment.

## CONCLUSION

¶ 8 For the foregoing reasons, we affirm Defendant's convictions and sentences, except that we vacate the $45 warrant fee.

CONCURRING: PHILIP HALL, Presiding Judge, and G. MURRAY SNOW, Judge.

---

2. The Clerk shall *not* send the minute entry reflecting the warrant issuance to the defendant.
3. Judicial Officers at arraignment after the arrest on the warrant shall inform the defendant of the Fee.
4. The Probation Department shall research cases at the time the pre-sentence report is being prepared to note if the Fee was ordered, and recommend including the Fee in the order assessing restitution, fines, and fees at sentencing.

    **IT IS FURTHER ORDERED** regarding bench warrants for failure to pay outstanding fines and fees issued after conviction as follows:

1. The Adult Probation Department shall inform probationers of the possibility of the Fee assessment at initiation of probation.
2. Judicial Officers shall order the Fee assessed upon the issuance of the probation violation bench warrant, and it shall be reflected in the body of the warrant itself.

3. Neither the Clerk nor Adult Probation shall notify the defendant that the Fee has been assessed until after the defendant's arrest on the warrant.
4. Judicial Officers at the probation violation arraignment after arrest on the warrant shall inform the defendant of the Fee assessment.
5. The Probation Department shall research the probation warrant and recommend including the Fee in the probation disposition order if it was assessed at issuance of the warrant.

Maricopa County Superior Court Admin. Order No.2004–199.

3. Moreover, the minute entry reflecting the warrant for arrest failed to note the warrant fee as required by the Administrative Order. See Maricopa County Superior Court Admin. Order No.2004–199.