IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

NOV 19 2010

COURT OF APPEALS
DIVISION TWO

THE STATE OF ARIZONA,            )
                                 )        2 CA-CR 2009-0277
                   Appellee,     )        DEPARTMENT B
                                 )
       v.                        )        O P I N I O N
                                 )
JAMES A. ROGERS,                 )
                                 )
                   Appellant.    )
                                 )
_____  )


APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20084900

Honorable Teresa Godoy, Judge Pro Tempore

AFFIRMED

---

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Kathryn A. Damstra                     Tucson
                                                   Attorneys for Appellee


Isabel G. Garcia, Pima County Legal Defender
  By Scott A. Martin                                            Tucson
                                                  Attorneys for Appellant

---

V Á S Q U E Z, Presiding Judge.

¶1	Appellant James Rogers was convicted after a jury trial of aggravated driving under the influence of an intoxicant (DUI) and aggravated driving with an alcohol concentration of .08 or more, both based on his having had two prior DUI convictions in the past eighty-four months. The trial court suspended the imposition of sentence and placed Rogers on concurrent, three-year terms of probation, each with a requirement that he serve a four-month prison term. The court also imposed various fines and fees, including a $750.00 fine with an eighty-four percent surcharge totaling $630.00. It calculated the surcharge by combining a sixty-one percent surcharge under A.R.S. § 12-116.01(A), (B), and (C), a thirteen percent surcharge under A.R.S § 12-116.02, and a ten percent surcharge under A.R.S. § 16-954(C).[1] On appeal, Rogers contends the court erred in imposing a $75.00 surcharge pursuant to A.R.S. § 16-954(C). For the reasons stated below, we affirm.

**Standard of Review**

¶2	We review issues of statutory interpretation de novo. *State v. Lewandowski*, 220 Ariz. 531, ¶ 6, 207 P.3d 784, 786 (App. 2009). The plain language of the statute is "'the best and most reliable indicator of the statute's meaning,' and, unless otherwise indicated, we assume the words contained in the statute have 'their natural and obvious meanings.'" *Id.*, *quoting State v. Garcia*, 219 Ariz. 104, ¶ 6, 193 P.3d 798, 800 (App. 2008). "[U]nless the statute is ambiguous and there is 'uncertainty about the meaning of the interpretation of [its] terms,'" we will not look beyond the statutory

---

[1]Although the trial court did not explain how it arrived at the $630.00 surcharge, the parties agree it imposed the surcharge based on these statutes.

language. *Id.*, *quoting Nordstrom v. Cruikshank*, 213 Ariz. 434, ¶ 14, 142 P.3d 1247, 1252 (App. 2006) (first alteration added).

<h2 style="text-align:center">Discussion</h2>

**I. Nature of surcharge under § 16-954(C)**

¶3 At the sentencing hearing, the trial court stated, "[a]s you know, sir, there are a number of fines. I don't have any authority with regard to waiving any of those." It then imposed a $750.00 fine with a surcharge that included a ten percent surcharge pursuant to § 16-954(C). Rogers contends the court was operating under the mistaken belief that the particular surcharge was mandatory. And, he maintains the court would have waived the surcharge had it known it had the discretion to do so. He asks this court either to vacate the portion of the court's order imposing the surcharge or remand the case to give the court an opportunity to waive it.

¶4 Because he did not raise this issue below, Rogers has forfeited the right to seek relief for all but fundamental, prejudicial error. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607 (2005). An unauthorized assessment constitutes fundamental error. *See State v. Soria*, 217 Ariz. 101, ¶ 7, 170 P.3d 710, 712 (App. 2007). And prejudice exists when a defendant is forced to pay any amount not sanctioned by law. *Id.*

¶5 Section 16-954(C) provides: "an additional surcharge of ten percent shall be imposed on all civil and criminal fines and penalties collected pursuant to section 12-116.01 and shall be deposited in the [clean elections] fund." Rogers acknowledges that the surcharges imposed pursuant to § 12-116.01 generally are "nonwaivable in DUI cases

3

under A.R.S. § 28-1389." Section 28-1389 states that "[n]otwithstanding any other law, the court shall not waive a fine or assessment imposed pursuant to this article or a surcharge imposed pursuant to § 12-116.01 or 12-116.02 for a conviction of an offense listed in this article." Rogers, however, contends that because the § 16-954(C) "surcharge is not cited in § 28-1389, . . . it is waivable." We disagree.

¶6 Rogers cites no authority to support this contention, which is contrary to the statute's plain language. Section 16-954(C) states that the additional surcharge "shall be imposed." "A general principle of statutory construction is that . . . the use of the word 'shall' typically indicates a mandatory provision." *State v. Lewis*, 224 Ariz. 512, ¶ 17, 233 P.3d 625, 628 (App. 2010); *see also City of Chandler v. Ariz. Dep't of Transp.*, 216 Ariz. 435, ¶ 15, 167 P.3d 122, 127 (App. 2007). Section 16-954(C) contains no other language suggesting the imposition of the surcharge is discretionary.[2] The legislature could have included such language in § 16-954 but did not do so. *See State v. Mahaney*, 193 Ariz. 566, ¶ 15, 975 P.2d 156, 158 (App. 1999) (if legislature intended particular meaning "it would have clearly said so"). Thus, the trial court did not have the discretion to waive the § 16-954(C) surcharge and did not err in imposing it.

## II. Calculation of surcharge

¶7 Rogers argues in the alternative that the trial court miscalculated the amount of the surcharge under § 16-954(C) by basing it on ten percent of the $750.00

---

[2]When the legislature has chosen to make the imposition of a fine, penalty, or other assessment discretionary, it has done so expressly. *See, e.g.*, § 12-116.01(F) (granting trial court authority to "waive all or part of the civil penalty, fine, forfeiture, and penalty assessment").

fine instead of ten percent of the surcharge imposed under § 12-116.01. This argument assumes that § 16-954(C) applies only to penalty assessments collected under § 12-116.01 and not to the underlying fine. The state asserts that the court imposed a surcharge that was less than the statute required, arguing that § 16-954(C) requires a ten percent surcharge both on the original $750.00 fine and on the § 12-116.01 surcharge, for a total surcharge under § 16-954(C) of $120.75. We agree.

¶8        The plain language of § 16-954(C) provides for an additional surcharge of ten percent "on all civil and criminal fines and penalties collected pursuant to § 12-116.01." Thus, Rogers's interpretation would render the phrase, "all civil and criminal fines" meaningless. We therefore decline to adopt that interpretation. *See City of Phoenix v. Phoenix Employment Relations Bd.*, 207 Ariz. 337, ¶ 11, 86 P.3d 917, 920-21 (App. 2004) ("Courts avoid interpreting a statute so as to render any of its language mere surplusage, and instead give meaning to each word, phrase, clause, and sentence so that no part of the statute will be void, inert, redundant, or trivial.").

¶9        Looking to the plain language of the statute, the trial court should have imposed the § 16-954(C) assessment against both the underlying fine and the surcharges imposed pursuant to § 12-116.01. Thus, the court correctly assessed a $457.50 surcharge under § 12-116.01 and a $97.50 surcharge under § 12-116.02. However, pursuant to § 16-954(C), the court should have assessed an additional amount of $120.75—ten percent of the § 12-116.01 surcharge plus ten percent of the underlying $750.00 fine—for a total surcharge of $675.75. But, because the court imposed only a $630.00 surcharge, Rogers was not prejudiced by the error. *See Henderson*, 210 Ariz. 561, ¶ 20, 115 P.3d at

5

607. Nor will we correct the error, which is to Rogers's benefit, because the state has not filed a cross-appeal. *See State v. Dawson*, 164 Ariz. 278, 286, 792 P.2d 741, 749 (1990).

**Disposition**

¶10 For the reasons stated above, we affirm the trial court's imposition of the fine and assessments.

/s/ *Garye L. Vásquez*

GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Peter J. Eckerstrom*

PETER J. ECKERSTROM, Judge

/s/ *Virginia C. Kelly*

VIRGINIA C. KELLY, Judge