NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ERIC JAMES LIESER, *Appellant*.

No. 1 CA-CR 14-0185
FILED 11-24-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-141465-001
The Honorable David B. Gass, Judge

**AFFIRMED AS CORRECTED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Craig W. Soland
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

Eric James Lieser
*Appellant*

## MEMORANDUM DECISION

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Peter B. Swann joined.

**C A T T A N I**, Judge:

**¶1** Eric James Lieser appeals his forgery and misconduct involving weapons convictions and the resulting sentences. Lieser's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), certifying that, after a diligent search of the record, there does not appear to be an arguable question of law that is not frivolous, and asking this court to search the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999).

**¶2** Lieser filed a supplemental brief arguing that (1) he was detained without probable cause, (2) he was not afforded his *Miranda*[1] rights, (3) the evidence at trial was insufficient and incorrect, and (4) his trial counsel did not provide constitutionally required effective assistance of counsel. Additionally, we ordered *Penson*[2] briefing to address whether Lieser's sentence was improperly enhanced when the superior court cited his charged (Count 2) weapons misconduct conviction as a historical prior felony. After reviewing the record and considering the issues raised by Lieser and the requested supplemental briefing, we affirm his convictions and sentences as corrected.

### FACTS AND PROCEDURAL BACKGROUND

**¶3** One afternoon, Officer Schneider and Detective Steward of the Glendale Police Department approached Lieser and his female companion in a motel parking lot. The two officers asked to speak to them and they agreed to do so. Lieser's companion was arrested for an unrelated matter. Upon a search incident to arrest of Lieser's companion, officers found numerous counterfeit $20 and $1 bills in her bag.

---

[1]     *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2]     *Penson v. Ohio*, 488 U.S. 75 (1988).

¶4 Lieser consented to a search of his own bags. The officers found ink cartridges and $20 bills, which were consistent with the counterfeit bills found in his companion's bag. Officers then searched a third bag, and found identification and mail belonging to Lieser, scissors, a paper cutter, additional ink cartridges, and a handgun.

¶5 The State charged Lieser with forgery, misconduct involving weapons, and theft, but later dismissed the theft charge. Lieser failed to appear for trial, and the trial proceeded in his absence. Officers testified that the bills found in Lieser's belongings were counterfeit, explaining that the bills did not feel like real money and did not have any of the security features of U.S. currency. The court read a stipulation to the jury that Lieser was a prohibited possessor at the time of the offenses.

¶6 On February 14, 2013, the jury found Lieser guilty of both forgery and misconduct involving weapons (the "February 14 Convictions"). Additionally, the jury found aggravating factors as to the forgery count.

¶7 A warrant was issued for Lieser's arrest, and in July 2013 he was located and arrested. At that time, he was charged with two additional offenses: taking the identity of another and possession or use of a narcotic drug, both class 4 felonies. Lieser pleaded guilty to these charges, and the court consolidated sentencing for the new offenses with sentencing for the February 14 Convictions.

¶8 For the February 14 Convictions, the court sentenced Lieser as a category three repetitive offender to minimum, concurrent eight-year terms, with credit for 130 days of presentence incarceration.[3] In enhancing Lieser's sentence to that of a category three repetitive offender, the court's minute entry cited two purported historical prior felony convictions; both involved misconduct involving weapons, one committed in 2008, and the other Count 2 of the February 14 Convictions.

---

[3] Although the sentencing minute entry erroneously states that Lieser was sentenced to slightly aggravated terms for both forgery and misconduct involving weapons, the court's oral pronouncement correctly provided that both sentences were indeed minimum sentences. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-703(J); *State v. Ovante*, 231 Ariz. 180, 188, ¶ 38, 291 P.3d 974, 982 (2013) (providing that an oral pronouncement of sentence controls over a discrepancy in written minute entry).

**¶9** With authorization from the superior court, Lieser timely filed a delayed appeal. We have jurisdiction under A.R.S. § 13-4033.[4]

## DISCUSSION

### I. Lieser's Prior Felony Convictions and Sentence Enhancement.

**¶10** We ordered *Penson* briefing to address whether the record supports the superior court's finding that Lieser was a category three repetitive offender, even though the court cited in its minute entry that one of the historical prior convictions was Count 2 in the present case (the "Count 2 Charge"). Because this issue was not raised before the superior court, we review for fundamental, prejudicial error. *State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19–20, 115 P.3d 601, 607 (2005).

**¶11** An adult is a category three repetitive offender if he "stands convicted of a felony and has two or more historical prior felony convictions." A.R.S. § 13-703(C). Historical prior felonies must be "*prior* felony convictions." *See* A.R.S. § 13-105(22)(a) (emphasis added). This means that historical prior felony convictions must precede the conviction on the presently charged offense. *See State v. Thompson*, 200 Ariz. 439, 441, ¶¶ 6, 8, 27 P.3d 796, 798 (2001) ("Offenses committed on the same occasion cannot be historical prior felony convictions, because the offenses that are the subject of the prior conviction must have been committed before the present offense."). Lieser and the State agree on this point, and the State acknowledges that it was error to use the Count 2 Charge as a historical prior felony for enhancement purposes.

**¶12** Here, the error is reversible only if it is fundamental, that is, error that "goes to the foundation of [Lieser's] case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *Henderson*, 210 Ariz. at 568, ¶ 24, 115 P.3d at 608. A sentence that fails to conform with mandatory sentencing provisions is illegal, *State v. Joyner*, 215 Ariz. 134, 137, ¶ 5, 158 P.3d 263, 266 (App. 2007), and illegal sentences are fundamental error. *State v. McDonagh*, 232 Ariz. 247, 249, ¶ 7, 304 P.3d 212, 214 (App. 2013).

**¶13** The superior court did not orally state which of Lieser's historical prior felonies would be used for enhancement purposes. And, as written, the minute entry improperly relies on the Count 2 Charge in sentencing Lieser as a category three repetitive offender. Without the

---

[4] Absent material revisions after the relevant date, we cite a statute's current version.

Count 2 Charge, there is only one historical prior felony conviction listed appropriately in the minute entry that would subject Lieser to sentencing as a category two repetitive offender. *See* A.R.S. § 13-703(B). Lieser's eight-year sentence is greater than the maximum allowable 7.5 years for a category two repetitive offender convicted of a class 4 felony, *see* A.R.S. § 13-703(I), and thus the sentence imposed does not comply with the mandatory sentencing guidelines. Therefore, the court fundamentally erred when it used Lieser's Count 2 Charge as a historical prior felony for sentencing purposes.

¶14 To be entitled to relief, however, Lieser must also demonstrate prejudice, a fact-intensive inquiry that differs from case to case. *Henderson*, 210 Ariz. at 568, ¶ 26, 115 P.3d at 608. An excessive sentence is by its nature prejudicial to the extent it exceeds the penalty authorized by law. *See State v. Soria*, 217 Ariz. 101, 103, ¶ 7, 170 P.3d 710, 712 (App. 2007). However, where the record contains evidence that conclusively proves an unlisted historical prior conviction and provides a basis for the sentence imposed, there is no prejudice. *See State v. Morales*, 215 Ariz. 59, 62, ¶ 13, 157 P.3d 479, 482 (2007).

¶15 Prior to sentencing, Lieser pleaded guilty to two new charges. As part of his plea agreement in the new case, Lieser admitted to five prior felony convictions, two of which were his February 14 Convictions. Two of the other three convictions he admitted were historical prior felonies that could have been used to enhance Lieser's sentence in the present case: (1) misconduct involving weapons committed in 2008 (which the superior court cited in the sentencing minute entry) and (2) possession or use of narcotic drugs, a class 4 felony also committed in 2008.

¶16 When a defendant admits to a prior conviction for sentence enhancement purposes, that admission may be considered conclusive proof of the prior felony conviction if the court engages in a plea-type colloquy. *Morales*, 215 Ariz. at 61, ¶ 7, 157 P.3d at 481. A colloquy is necessary to show that the stipulation was voluntary and intelligent, *id.* at ¶ 8, and should include inquiry into whether the defendant "understood the nature of the stipulation, the constitutional rights he was [forgoing] and his right to require the State to prove the prior conviction." *State v. Carter*, 216 Ariz. 286, 289, ¶ 13, 165 P.3d 687, 690 (App. 2007).

¶17 The superior court properly conducted this type of colloquy before Lieser accepted his plea. Additionally, at the time Lieser entered into his plea agreement, the State notified the court that Lieser's admissions would waive his right to a priors trial on his February 14 Convictions and

would affect his sentencing in that matter.  After conferring with counsel, Lieser stated that he understood such an admission could be used against him at his February 14 Convictions sentencing, and with that knowledge he accepted the plea agreement.  Accordingly, because Lieser admitted two actual historical prior felony convictions, we conclude that Lieser was not prejudiced by the court's error in listing the Count 2 Charge as a historical prior felony conviction in the sentencing minute entry.

¶18         Remand is not necessary to correct the superior court's minute entry.  Appellate courts may correct an erroneous minute entry if the record clearly identifies the intended sentence.  *See Ovante*, 231 Ariz. at 188, ¶¶ 38–39, 291 P.3d at 982.  As noted above, Lieser's plea agreement and his admitted prior felonies were part of the record before the superior court. We thus correct the minute entry to delete the Count 2 Charge as a prior felony, and substitute his conviction of possession or use of narcotic drugs, a class 4 felony, committed December 9, 2008 and of which he was convicted on October 8, 2009 in Maricopa County Superior Court cause number CR2009-110895-001, as described in Lieser's plea agreement.

## II.    Lieser's Arguments.

¶19         Lieser argues that there was no valid probable cause to search his bag, and that his contact with the officers was not consensual.  Police officers may approach and question a person without implicating the Fourth Amendment, provided that the interaction is consensual.  *See Florida v. Bostick*, 501 U.S. 429, 434 (1991); *see also Florida v. Royer*, 460 U.S. 491, 497–98 (1983).  "[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, [and] asking him if he is willing to answer some questions . . . ."  *Royer*, 460 U.S. at 497.  Consent to a search is valid if given voluntarily, a factor that is determined under the totality of the circumstances.  *See State v. Davolt*, 207 Ariz. 191, 203, ¶ 29, 84 P.3d 456, 468 (2004).

¶20         Here, Officer Schneider testified that Lieser and his companion both agreed to talk to him, and that Lieser consented to a search of his bags.  Nothing in the record suggests that Lieser or his companion were coerced or compelled to speak with Officer Schneider and Detective Steward.  Because Lieser voluntarily consented to both searches, there was no Fourth Amendment violation.

¶21         Lieser next argues his *Miranda* rights were violated because he should have been advised of his rights prior to speaking with both

officers. But *Miranda* warnings are not necessarily required prior to securing a valid consent to search. *See State v. Dean*, 112 Ariz. 437, 439, 543 P.2d 425, 427 (1975). When a person is not in custody, police officers are free to ask general questions without *Miranda* warnings. *See Bostick*, 501 U.S. at 434–35. Thus, Lieser's *Miranda* claim fails.

¶22 Finally, Lieser asserts that he would have accepted a proffered plea offer but for ineffective assistance from his attorney. A claim of ineffective assistance of counsel may only be raised, however, in a Rule 32 proceeding for post-conviction relief, and not on direct appeal. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20, 153 P.3d 1040, 1044 (2007); *State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9, 39 P.3d 525, 527 (2002). We therefore do not address this argument.

¶23 In addition to considering the arguments raised by Lieser and in the supplemental briefs, we have reviewed the record for reversible error. The record reflects that the superior court afforded Lieser all his rights under the Arizona and U.S. Constitutions and our statutes, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure.

¶24 Lieser was represented by counsel at all stages of the proceedings. Although Lieser was not present at trial, the superior court properly instructed the jury not to consider or speculate regarding his absence, and the superior court had previously warned Lieser that the trial would proceed in his absence should he fail to appear. *See* Ariz. R. Crim. P. 9.1; *State v. Vaughn*, 163 Ariz. 200, 204, 786 P.2d 1051, 1055 (App. 1989).

¶25 Sufficient evidence supports Lieser's forgery conviction, and Lieser's stipulation that he was a prohibited possessor established a sufficient basis for his conviction of misconduct involving weapons. And as explained above, Lieser's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

¶26 After the filing of this decision, defense counsel's obligations pertaining to Lieser's representation in this appeal will end after informing Lieser of the outcome of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Lieser shall have 30 days from the date of this decision to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶27          We affirm Lieser's convictions and sentences as corrected.



Ruth A. Willingham · Clerk of the Court
FILED: ama