NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ANTHONY WHEELER, *Appellant*.

No. 1 CA-CR 16-0590
FILED 3-27-2018

Appeal from the Superior Court in Maricopa County
No. CR 2014-125148-002
The Honorable Colleen L. French, Commissioner

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By W. Scott Simon
*Counsel for Appellee*

The Law Office of Kyle T. Green, Tempe
By Kyle Green
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Patricia A. Orozco[1] joined.

---

**B R O W N**, Judge:

¶1          Anthony Wheeler challenges the imposition of a $45 bench warrant fee the superior court imposed at his sentencing. For the following reasons, we vacate the court's assessment of the fee, but otherwise affirm Wheeler's convictions and sentences.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2          A jury convicted Wheeler of burglary in the third degree, two counts of criminal damage, theft of means of transportation, and misconduct involving weapons. After an aggravation hearing, the superior court ordered the parties to appear at a status conference on March 14, 2016, in conjunction with a separate criminal matter, Maricopa County Superior Court No. CR 2015-111001-001, but the court did not set a date for sentencing. Wheeler appeared at the March 14 status conference, which was also the first day of a jury trial for the separate criminal matter. The March 14 minute entry does not reference the case at issue in this appeal nor does it indicate the court set a date and time for sentencing.[2]

¶3          Following an acquittal on all charges in the separate criminal matter, Wheeler was transported to a justice court in Greenlee County to

---

[1]      The Honorable Patricia A. Orozco, retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]      The record does not include a transcript of the March 14, 2016 status conference; however, we take judicial notice of the documents referred to in the parties' briefing from CR 2015-111001-001, including the March 14 status conference minute entry and the March 16 trial minute entry. *See* Ariz. R. Evid. 201 (allowing court to take judicial notice of "a fact that is not subject to reasonable dispute").

appear in another criminal matter. After the hearing, the justice of the peace released Wheeler on his own recognizance.

¶4        On April 12, 2016, after learning of Wheeler's inadvertent release, the State filed a request for a bench warrant. The basis for the State's request was that, having previously been held without bond, "[D]efendant's whereabouts are unknown at this time." Although the State did not allege that Wheeler failed to appear, the superior court issued a bench warrant ordering Wheeler's arrest for "fail[ing] to appear for [t]rial."

¶5        Wheeler was arrested on April 28, 2016, and on May 9, 2016, he appeared at a bench warrant hearing. The court subsequently scheduled a sentencing hearing for June 10, 2016, and ordered that Wheeler be held non-bondable. At the sentencing hearing, the court imposed an aggravated term of 18 years' imprisonment with 211 days of presentence incarceration credit on Count 3—theft of means of transportation—to run concurrently with the sentences imposed on Counts 1, 4, and 6. The court also ordered Wheeler to pay a bench warrant fee of $45 and a $20 probation surcharge. Wheeler timely appeals.

## DISCUSSION

¶6        Wheeler contends the superior court erred in issuing a warrant fee because he did not fail to appear nor did he fail to pay a fee or fine. Because we construe an administrative order in resolving the issue presented, we do so de novo. *State v. Soria*, 217 Ariz. 101, 102, ¶ 5 (App. 2007).

¶7        Maricopa County Superior Court Administrative Order No. 2004-199 (the "Administrative Order"), citing Arizona Revised Statutes ("A.R.S.") section 11-251.08, authorizes the superior court to impose a fee on defendants "whose arrest is commanded by a bench warrant for, (1) their failure to appear in court as required; or (2) their failure to pay outstanding fines and fees."

> The Administrative Order does not apply to all warrants issued by the superior court. . . . Because the Administrative Order functions to fine a defendant who fails to follow an order of the court, the plain language and context of the order make it self-evident that a defendant must have received some notice of the reason, time and place to appear before a court can decide that he or she 'fail[ed] to appear in court as required.'

3

*Soria*, 217 Ariz. at 102-03, ¶ 6 (quoting Maricopa Cty. Super. Ct. Admin. Order No. 2004-199).

**¶8**   The State asserts that "the minute entry of th[e] [March 14, 2016] status conference does reflect that the parties discussed, 'trial schedul[ing],'" suggesting such information is sufficient to presume a date for sentencing had been set and Wheeler failed to appear at that sentencing hearing. We disagree.

**¶9**   Based on the record before us, although the superior court held Wheeler non-bondable, the court did not set a sentencing hearing prior to the issuance of the bench warrant. Instead, the court set a status conference coinciding with his other criminal case, CR 2015-111001-001, which Wheeler attended. The minute entry from the status conference does not reference "sentencing" at all. Moreover, in its request for a bench warrant, the State did not assert that Wheeler failed to appear in court as required. Instead, the State asserted that despite being held "non-bondable," he was released on his own recognizance by a Greenlee County justice of the peace, and his "whereabouts are unknown at this time."

**¶10**   On this record, there is no evidence that Wheeler failed to appear or was "otherwise aware of the reason, time and place of his [required] appearance." *Soria*, 217 Ariz. at 103, ¶ 6. Therefore, the Administrative Order did not apply to the issued bench warrant, *id.*, and the assessment of the warrant fee constitutes fundamental error, *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (explaining that when a defendant fails to object to an error, this court reviews for fundamental error); *Soria*, 217 Ariz. at 102-03, ¶¶ 4, 7 ("[I]mposition of an illegal sentence constitutes fundamental error."). Thus, we vacate the $45 warrant fee and modify his sentence accordingly. *See* A.R.S. § 13-4037; *Soria*, 217 Ariz. at 103, ¶ 7.

## CONCLUSION

¶11      For the foregoing reasons, we affirm Wheeler's convictions and sentences except as modified herein.



AMY M. WOOD • Clerk of the Court
FILED: AA