McMURDIE, Judge:
¶ 1 Gilbert Ray Ayonayon appeals the superior court's order affirming a $45 bench warrant fee following his convictions for burglary in the third degree and possession of burglary tools. We hold a bench warrant fee imposed pursuant to Maricopa County Superior Court Administrative Order No. 2004-199 ("Administrative Order") is statutorily authorized by Arizona Revised Statutes ("A.R.S.") section 11-251.08 and is not a criminal fine. We also hold the superior court did not err by ordering Ayonayon to pay the bench warrant fee, despite the bench warrants being quashed. Accordingly, we affirm the superior court's order imposing the bench warrant fee against Ayonayon.
FACTS AND PROCEDURAL BACKGROUND
¶ 2 The State charged Ayonayon on one count each of burglary in the third degree, a class 4 felony, and possession of burglary tools, a class 6 felony. After Ayonayon failed to appear for the preliminary hearing, the superior court issued a bench warrant for his *205 arrest, and imposed a $45 bench warrant fee. Ayonayon moved to quash the bench warrant, arguing: "Please quash the warrant in this case. This is the first time Mr. Ayonayon has been in court & need [sic] time to get mental health docs." The court quashed the warrant but did not vacate the bench warrant fee. Several months later, Ayonayon failed to attend a status conference, and the court again issued a bench warrant and imposed a $45 fee. Ayonayon moved to quash the second bench warrant, claiming he was unable to attend the status conference due to a family emergency. After oral argument on the motion, the superior court quashed the bench warrant. A jury subsequently convicted Ayonayon as charged. At sentencing, the superior court imposed concurrent sentences, the longest of which was seven years, and ordered Ayonayon to pay the $45 "warrant charge." Ayonayon timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).
DISCUSSION
¶ 3 Ayonayon only challenges the superior court's imposition of the bench warrant fee. Because Ayonayon failed to raise this issue below, we review for fundamental error. See State v. Henderson , 210 Ariz. 561, 567, ¶ 19, 115 P.3d 601, 607 (2005). To prevail under fundamental-error review, Ayonayon "must establish both that fundamental error exists and that the error in his case caused him prejudice." See id . at ¶ 20. "Generally, imposition of an illegal sentence constitutes fundamental error." State v. Soria , 217 Ariz. 101, 102, ¶ 4, 170 P.3d 710, 711 (App. 2007) (quoting State v. Munninger , 213 Ariz. 393, 397, ¶ 11, 142 P.3d 701, 705 (App. 2006) ).
¶ 4 The parties' arguments focus on the bench warrant fee imposed after Ayonayon's failure to appear at the status conference. However, the superior court also issued a bench warrant for Ayonayon's arrest after he failed to appear at the preliminary hearing, and both minute entries directed Ayonayon to pay a $45 fee "immediately." Both bench warrants were quashed, but neither fee was vacated, and there is no evidence in the record regarding whether Ayonayon paid either fee. Thus, it is unclear which bench warrant fee the superior court affirmed at sentencing. However, regardless of which bench warrant fee was affirmed at sentencing, we find no error.
¶ 5 Maricopa County Superior Court Administrative Order No. 2004-199 authorizes a court to impose a $45 "warrant fee" "on defendants whose arrest is commanded by a bench warrant for, 1) their failure to appear in court as required; or 2) their failure to pay outstanding fines and fees...."[1] The Administrative Order was adopted pursuant to A.R.S. § 11-251.08(A), which provides:
In addition to any other county power or authority the board of supervisors may adopt fee schedules for any specific products and services the county provides to the public. Notwithstanding fee schedules or individual charges in statute, a board of supervisors may adopt an additional charge or separate individual charge.
The bench warrant fee "is designed to recover costs associated with issuing a bench warrant arising out of a failure to appear .... Its application is limited, therefore, to circumstances where a defendant fails to follow the express directions of the court." Soria , 217 Ariz. at 102, ¶ 6, 170 P.3d at 711-12.
¶ 6 Relying on State v. Payne , 223 Ariz. 555, 225 P.3d 1131 (App. 2009), Ayonayon first argues the bench warrant fee is illegal as it constitutes a fine for a criminal conviction for violation of a state statute and does not fall within the body of criminal fines established by the state legislature for felonies. In Payne , this court held a $1000 prosecution fee was statutorily unauthorized and therefore an illegal sentence.[2]
*206 Payne , 223 Ariz. at 569, ¶ 49, 225 P.3d at 1145. Seeking to differentiate a "fine" from a "fee," the court explained: "A fine is a pecuniary form of punishment or sum of money exacted from a person guilty of an offense." Id. at 565, ¶ 31, 225 P.3d at 1140-41 (quoting State v. Sheaves , 155 Ariz. 538, 541, 747 P.2d 1237, 1240(App. 1987) ). "In contrast, a fee is a 'charge for labor or services, esp[ecially] professional services.' " Id. at ¶ 32 (alteration in original) (quoting Fee , Black's Law Dictionary (8th ed. 2004) ). In concluding "the prosecution fee [was] more akin to a punitive fine than a compensatory fee," the court relied on three factors set forth in Sheaves , 155 Ariz. at 541-42, 747 P.2d at 1240-41 : "(1) when the assessment could be recovered; (2) to whom the assessment was paid; and (3) any other indications suggesting the assessment was a fine rather than restitution or a civil penalty." Payne , 223 Ariz. at 565, ¶ 33, 225 P.3d at 1141.
¶ 7 An analysis of the factors enumerated in Payne leads to the conclusion that the bench warrant fee is in fact a fee, and not a fine. First, the superior court ordered Ayonayon to pay the $45 "immediately." See Maricopa County Administrative Order No. 2004-199 (bench warrant fee must be "assessed upon issuance of the bench warrant, and the ... assessment shall be reflected in the warrant issuance minute entry"); cf. Payne , 223 Ariz. at 565, ¶ 34, 225 P.3d at 1141-42 ("[T]he prosecution fee is recoverable in a criminal action only upon a defendant's conviction.") (internal quotation omitted) ). Second, Ayonayon was directed to pay the fee to the clerk of the court, and the purpose of the fee is to "recover costs associated with issuing a bench warrant...." Soria , 217 Ariz. at 102, ¶ 6, 170 P.3d at 711-12 ; see also A.R.S. § 11-251.08(B) ("Any fee or charge established pursuant to this section must be attributable to and defray or cover the expense of the product or service for which the fee or charge is assessed. A fee or charge shall not exceed the actual cost of the product or service."); cf. Payne , 223 Ariz. at 565, ¶ 34, 225 P.3d at 1141-42 (the second factor weighed in favor of the prosecution fee being a fine because "any money paid by a convicted defendant ... goes to a county-controlled fund, rather than to the court or any victim, and is specifically earmarked for the Pinal County Attorney's Office....") (emphasis added) ).
¶ 8 Finally, there are no other indications suggesting the bench warrant fee is in effect a criminal fine. Ayonayon argues the bench warrant fee penalizes convicted defendants after trial. However, as discussed above, the superior court directed Ayonayon to pay the fees immediately upon issuing the warrants. He also points out that in Soria , we stated the bench warrant fee "functions to fine a defendant who fails to follow an order of the court." 217 Ariz. at 103, ¶ 6, 170 P.3d at 711-12 (emphasis added). However, whether the bench warrant fee is a fine or a fee was not at issue in Soria . The $45 bench warrant fee is distinguishable from the $1000 prosecution fee in Payne , and we hold the bench warrant fee is not a criminal fine.
¶ 9 Ayonayon alternatively argues the imposition of the bench warrant fee was an illegal sentence because the bench warrants were quashed. The Administrative Order authorizes the imposition of a bench warrant fee "on defendants whose arrest is commanded by a bench warrant." (Emphasis added). See Command , Black's Law Dictionary (10th ed. 2014) ("An order; a directive."). The fee is "designed to recover costs associated with issuing a bench warrant" and applies when "a defendant fails to follow the express directions of the court." Soria , 217 Ariz. at 102, ¶ 6, 170 P.3d at 711-12. Here, the superior court issued the bench warrants because Ayonayon failed to appear at a previously scheduled preliminary hearing and status conference. Ayonayon does not argue he was unaware of the time or place of either hearing, and the record reflects that he was advised of the consequences of failing to appear at a scheduled hearing prior to both the preliminary hearing and the status conference. Cf. id. at 102, 103, ¶¶ 1, 7, 170 P.3d at 711-12 (imposition of the $45 bench warrant fee was error because defendant was arrested under an arrest warrant, *207 not a bench warrant, and defendant was unaware "of the reason, time and place of his appearance"). It is immaterial that the court subsequently quashed the bench warrants because there is no suggestion the warrants were improperly issued. The superior court did not err by affirming the bench warrant fee in its sentencing order.
CONCLUSION
¶ 10 For the foregoing reasons, the superior court's order affirming the bench warrant fee is affirmed.

Passage of the fee was reflected as Board of Supervisors agenda item number C-38-04-022-8-00.

The prosecution fee was imposed pursuant to a county ordinance that was also adopted pursuant to § 11-251.08, as well as § 11-251.05 (county board of supervisors may adopt ordinances necessary to carry out the county's duties, responsibilities, and functions). Payne , 223 Ariz. at 557-58, ¶¶ 1-3, 225 P.3d at 1133-34.